[No. 20147. In Bank. — May 24, 1886.]

THE PEOPLE, RESPONDENT, *v.* LEE GAM, APPELLANT.

CRIMINAL LAW — MURDER — ALIBI — EVIDENCE — INSTRUCTIONS. — Certain instructions quoted in the opinion as to the evidence and effect of an alibi reviewed, and *held* not to instruct the jury upon the weight of the evidence.

ID. — MANSLAUGHTER. — In a prosecution for murder, the refusal of the court to instruct the jury that they may return a verdict of manslaughter is

not error, if the evidence clearly shows that the crime committed was not manslaughter.

ID.— MISLEADING INSTRUCTION. — A certain instruction requested by the defendant, *held* to have been properly refused because it was calculated to mislead and confuse the jury.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The twenty-third instruction requested by the defendant, and refused by the court, was to the effect that the jury could find the defendant guilty of murder in the first or second degree, or of manslaughter. The further facts are stated in the opinion.

*T. D. Riordan, J. H. Campbell,* and *Nygh, Fairweather & Durst,* for Appellant.

*Attorney-General Marshall, Howell C. Moore,* and *D. W. Burchard,* for Respondent.

FOOTE, C.—The defendant was tried upon a charge of murder; from the judgment of conviction thereof in the first degree, and the order, denying him a new trial, he appealed.

It is argued by counsel in his behalf that the court erred in its charge to the jury, in that part referring to the defense made of an *alibi,* which was as follows:—

"Upon this point the testimony is in irreconcilable conflict. The defendant could not have been in these two places at the same time; and in this contradiction of witnesses the jury have to determine for themselves where lies the truth. In so judging, they will take into consideration the appearance and apparent candor and fairness of the respective witnesses; the probability of their statements; its coincidence with other facts or features of the case which they may deem established; and generally those rules of ordinary experience and general

observation by which intelligent men decide as to controverted propositions of fact.

" The effect of an *alibi*, when established, is like that of any other conclusive fact presented in a case. Showing, as it does, that the party asserting it could not have been present at the time of the homicide, and therefore did not participate in it, is, when credited, a defense of the most conclusive and satisfactory character.

" The fact, however, which experience has shown, that an *alibi* as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false its detection may be matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance;—these are considerations attendant upon this defense which call for some special suggestions upon the part of the court.

" These are, that while you are not to hesitate at giving this as a defense full weight,—that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitles the defendant to an acquittal,—still, you are to scrutinize the testimony offered in the support of an *alibi* with care, that you may be satisfied that a fabricated defense is not being imposed upon you."

Taking the charge as a whole, and giving it an unstrained interpretation, it does not appear that the jury were instructed upon the weight of evidence.

The part objected to was very similar to that given by the learned judge below in the case of *People* v. *Wong Ah Foo, ante,* p. 180, and as was said there, so it should be declared here, that, " viewed in the light of good sense, we do not see that the language complained of went beyond a reasonable and fair latitude of observation permissible from the judge to a jury." (Bishop's Crim. Proc., 982–1064.)

From the evidence in the case, it was very clear that the crime of manslaughter was not involved therein, and hence the refusal of the court to give the defendant's twenty-third instruction was proper, as the jury would not have been warranted in rendering a verdict of manslaughter.

Neither do we think that defendant's fifteenth instruction was improperly refused, it being as follows:—

" If you believe from the evidence that the knife and pistol exhibited before you, and which are said to have been found near the deceased at the time of the arrival of the officers, were the property of the deceased, you will give the defendant the benefit of every rational doubt growing out of such circumstances,"—for the reason that it was not claimed for the defendant on the trial that he was present at the killing of the man alleged to have been murdered by him, nor did he pretend that he had been there assailed by the deceased.

The proposed instruction was calculated to mislead and confuse the jury; it does not inform them about *what* they might entertain a reasonable doubt from the circumstances presumed to exist, and hence they could not have understood therefrom whether the rational doubt must be of the defendant's guilt or some other matter of an uncertain character.

The testimony of F. M. Pfister is also objected to.

That was to a certain extent corroborative of other testimony introduced for the people tending to prove that the defendant and two other Chinamen were in his office as a justice of the peace on the 14th of January, and was admissible. But even granting such evidence had not been relevant, as claimed, the fact that the witness in his testimony did not identify the defendant as present at that time could have worked no disadvantage or prejudice to him.

The judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.