[No. 20784.   In Bank. — July 26, 1891.]

# THE PEOPLE, RESPONDENT, v. LOUI TUNG, APPELLANT.

CRIMINAL LAW — ROBBERY — EVIDENCE — BLOOD UPON COAT OF ACCUSED — COMPETENCY OF NON-EXPERT WITNESS. — Where it is conceded upon the trial of one accused of robbery that there was blood upon the coat of the accused, a witness who saw the defendant shortly after the alleged robbery is competent to testify that the blood upon the coat was fresh, without showing himself to be an expert.

ID. — PROOF OF VENUE. — Proof that an offense was committed in a particular city constitutes sufficient proof of the venue.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION — IMPEACHMENT OF WITNESS. — A motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court; and where the only office of such evidence is to impeach an adverse witness, it is insufficient for the purposes of a new trial, and an order denying the motion will be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Stephens,* and *J. A. Donnell,* for Appellant.

When there is newly discovered evidence which consists of statements made by the witness upon whose testimony the accused was convicted, and such statements effectually tend to withdraw such testimony, a new trial ought to be granted. (*Dennis* v. *State,* 103 Ind. 142; 5 Am. Crim. Rep. 469.)

*Attorney-General Hart,* and *Deputy Attorney-General Sanders,* for Respondent.

The affidavits purporting to contain newly discovered evidence are simply cumulative, and designed to contradict the other witnesses. Such testimony does not warrant a new trial. (*People* v. *Anthony,* 56 Cal. 399; Gear's Cal. Dig. 632, tit. Newly Discovered Evidence, 5.) The motion is addressed to the discretion of the trial court, and there was no abuse of that discretion.

(Hayne on New Trial and Appeal, sec. 87, p. 250.) The character of the evidence offered would not change the result of the trial. (Hayne on New Trial and Appeal, sec. 91, p. 257.)

Garoutte, J. — The defendant was convicted of robbery, and appeals from the judgment and order denying his motion for a new trial.

It is insisted that the court erred in its decision of questions of law. Many of the exceptions to the court's rulings are technical in the extreme, and others have not even a technicality upon which to lean for support. As an example, at the trial it was conceded that there was blood upon defendant's coat; a witness testified that shortly after the alleged robbery he saw the defendant, and there was *fresh* blood upon his coat. Counsel for defendant moved to strike out the statement as to its being fresh blood, upon the ground that the witness had not shown himself to be an expert. We fail to see that the question involved was such as to prevent any witness of ordinary understanding from testifying regarding it. The remaining exceptions were based upon rulings made upon matters largely in the discretion of the court, and we discover no abuse of that discretion.

The offense was proven to have been committed in the city of Los Angeles, which constitutes sufficient proof of the venue. (*People* v. *McGregar*, 88 Cal. 140, and cases there cited.)

The evidence is contradictory, and we will not disturb the verdict of the jury upon the ground of its insufficiency.

The motion for a new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court. The affidavits relied upon tend to show statements of the prosecuting witness inconsistent with the testimony he gave in the case, thereby impeaching him. Two eye-witnesses gave testimony at

the trial directly contradicting his testimony in all material points, and in that respect the facts set out in the affidavits would be simply cumulative.  Where the only office of newly discovered evidence is to impeach an adverse witness, it is insufficient for the purposes of a new trial.  (*Stoakes* v. *Monroe*, 36 Cal. 388; *People* v. *Anthony*, 56 Cal. 399.)  Considering the character of these affidavits proffered, we cannot say that the court might not have reasonably inferred that the verdict would have been the same had the evidence set out in the affidavits been before the jury.

Let the judgment and order be affirmed.

McFARLAND, J., SHARPSTEIN, J., DE HAVEN, J., HARRISON, J., and PATERSON, J., concurred.