PEOPLE v. LAPIQUE.*

Cr. No. 793; December 17, 1901.

67 Pac. 14.

Forgery.—The Information Charged Defendant With Forging a Note purporting to have been executed to L. by M., and also with forging L.'s indorsement, and with uttering such forged instrument. At the trial the court withdrew the charges as to the indorsement and uttering, and instructed the jury to consider only the charge of forging the note itself. Held, that, the first charge being sufficient in itself, the contention of defendant on demurrer that the information was fatally defective by the insufficiency of the other charges was without merit.

Forgery.—By the Withdrawal of the Alleged Defective Charges, and the instruction given to the jury that they should consider only the charge admitted to be sufficient, any error which may have been made in overruling the demurrer to the information was rendered harmless.

Forgery.—On a Prosecution for Forgery, Wherein Genuine Specimens of the handwriting of defendant and of prosecuting witness were introduced, an expert on handwriting compared these exhibits, in the presence of the jury, with the signature to the note alleged to have been forged, and illustrated by drawings on a blackboard and by photographs the points of similarity and dissimilarity between them, and gave his opinion that the signature to the note was copied from the genuine signature of the prosecutor. There was evidence that defendant had had an opportunity to make such copy. Held, that, the genuineness of the signature being a question for the jury, the appellate court, not having the various examples of handwriting, blackboard illustrations and photographs before them, would not say that the evidence did not justify the jury in finding defendant guilty of forging the signature.

Forgery—New Trial.—On a Prosecution for Forgery, wherein the prosecutor testified that he did not sign the note in question, and two other witnesses testified that he had admitted the signature to be genuine, newly discovered evidence that the prosecutor had admitted that the signature to the note had been placed there by himself is not ground for a new trial, since it was merely cumulative and impeaching.

Forgery—Evidence of Motive.—On a Prosecution for Forgery, evidence that the party whose name was alleged to have been forged had money in bank and a house free from encumbrances, and that

*For subsequent opinion in bank, see 136 Cal. 503, 69 Pac. 226.

defendant knew him to be a man of means, is admissible to show the motive for the forgery.

**Forgery.—An Instruction to the Jury in a Prosecution for** forgery that, "if the prosecution does not show or establish by proof sufficient to convince you beyond a reasonable doubt that the defendant had no authority to sign the name" of the prosecutor, "then you must acquit the defendant," taken in connection with other instructions implying that the jury must also be satisfied as to the false character of the signature and that it was made by defendant, is not erroneous, as assuming that defendant made the signature in question.[1]

**Forgery—Instructions.—On a Prosecution for Forgery,** under an information containing three separate charges, the first of which was sufficient, the court instructed the jury to disregard the second two charges, and to consider only the first. Held, that the jury was presumed to have obeyed the instruction of the court, and their verdict of "guilty as charged in the information" was sufficient.

APPEAL from Superior Court, City and County of San Francisco; F. H. Dunne, Judge.

From a judgment convicting John Lapique of forgery and an order denying his motion for a new trial he appeals. Affirmed.

Theodore J. Roche for appellant; Tirey L. Ford, attorney general, A. A. Moore, Jr., deputy attorney general, and Lewis Byington, district attorney, for the people.

GRAY, C.—The defendant was convicted of forgery, and sentenced to nine years in the state prison. He appeals from the judgment and from an order denying his motion for a new trial.

1. Appellant contends that the information is insufficient, and that the demurrer thereto should have been sustained. The information charged defendant with forging an instrument in writing consisting of a promissory note for $800, purporting to be executed to one Louise Lagarde by one Maysounave, with intent to defraud the said Maysounave.

---

[1] Cited by defendant in State v. Blaine, 45 Mont. 487, 124 Pac. 518, but, as the court there said, not supporting his position, which was more in the nature of the instruction asked for by the defendant in the case cited, only to be refused by the court, which then framed its own instruction instead.

The information further charges that defendant forged the indorsement of the name "Louise Lagarde" on the back of said instrument in writing, and also, with intent to defraud said Maysounave, uttered, published and passed said forged instrument as true and genuine. It is conceded that this information charges but one offense: People v. Leyshon, 108 Cal. 440, 41 Pac. 480; People v. Dole, 122 Cal. 486, 68 Am. St. Rep. 50, 55 Pac. 581. It is contended, however, that the information must, for the purpose of determining the sufficiency of its allegations, be treated as if it was intended to charge three distinct offenses—the first being the forgery of the note; the second, the forgery of the indorsement; and, third, the uttering of the forged instrument; and it is claimed that the information fails to state the time and place of the forging of the indorsement, and therefore the information is fatally defective. We do not think this can be true. The information is full and complete as to the charge of forging the note. Indeed, it seems to be conceded that the information states facts sufficient to show that defendant committed the crime of forgery as to the note, and we think this concession is well founded. A reason for disregarding that portion of the information relating to the indorsement, and also the portion relating to the uttering and passing of the instrument, arose at the trial. There was no evidence tending to show any uttering or passing of the instrument as indorsed, and no evidence that the indorsement of the name "Louise Lagarde" was forged; and accordingly the jury were instructed by the court that as to those charges the prosecution had failed to make out a case and defendant could not be found guilty thereon. The court withdrew these two charges from the consideration of the jury, and instructed the jury that they were to consider the evidence and determine the facts with regard only to the charge of forging the note. The case then went to the jury on the single charge last referred to, and any error that may have been made in overruling the demurrer to the information was thus rendered harmless to the defendant.

2. It is next urged that the evidence is insufficient to justify the verdict, in that it was not shown that defendant forged the signature to the note. Upon the trial Maysounave testified, in substance, that the name signed to the note in question was not signed by him or with his authority. The

note alleged to have been forged was introduced in evidence, and this was followed with exhibits of the handwriting of defendant and of Maysounave. An expert witness on handwriting (Kytka by name) compared these various exhibits with the signature to the note in the presence of the jury, and pointed out and illustrated by drawings on a blackboard and by photographs the points of similarity and dissimilarity between the handwriting of the defendant and the signature to the note. He also compared the handwriting of Maysounave with the signature in the same way. He also similarly illustrated and gave it as his opinion that the signature to the note was copied from a genuine signature of Maysounave, regarding which there was some substantial evidence tending to show that it had been in the possession of defendant at a time when he might have copied from it the said signature to the note. The witness Kytka did not in so many words give it as his opinion that the signature to the note was in the same handwriting as the admitted exhibits of defendant's handwriting, but, so far as we can discern from the record before us, he made it to appear by his illustrations and comparisons that they were all written by the same hand. These various examples of handwriting and illustrations on the blackboard and photographs are not before us, and consequently we are not in a proper position to review the action of the jury on the questions of fact vital to the case. This can be best illustrated by quoting from an instruction given to the jury, at the request of appellant, as follows: "In regard to the signature in question, the jury is at liberty to use their own judgment and knowledge in matters of handwriting, and are not legally compelled to follow the opinion of any handwriting expert. The question of the genuineness or falsity of the signature is to be decided not according to the testimony of experts only, but by the jury, themselves, from their own consideration of the exhibits before them." The defendant cannot be heard to say that the above is not good law, and, if it is good law, it will be readily seen that the jury had advantages for arriving at the truth respecting the facts which we do not possess, and it would therefore not be proper to attempt here to review its action. For the same reason, it is unnecessary to review the somewhat extended argument of counsel for appellant on this point.

3. One of the grounds of the motion for new trial was newly discovered evidence shown by an affidavit in which the affiant stated, in substance, that Maysounave had on a certain occasion admitted that the signature to the note in question was placed there by himself.. This kind of evidence would tend only to contradict and impeach the witness Maysounave, and newly discovered evidence of this character is not ground for a new trial: People v. Loui Tung, 90 Cal. 377, 27 Pac. 295. Two witnesses testified at the trial that the prosecuting witness admitted that the signature was genuine. The newly discovered evidence was therefore merely cumulative, which is another reason for rejecting it as a ground for new trial.

4. That Maysounave was a man of some means, and the defendant knew the fact, was proper to be shown as indicating motive for the forgery. He would hardly forge the signature of a man known by him to be execution proof, if he intended to force payment by the alleged maker of the note, as it appears he attempted to do in this case. The objections to the questions as to the money in the bank to Maysounave's credit, and as to his lodging-house being free from encumbrances, were therefore properly overruled. There was other evidence in the case tending to show that defendant knew the solvent condition of Maysounave.

5. The court instructed the jury that, "if the prosecution does not show or establish by proof sufficient to convince you beyond all reasonable doubt that the defendant had no authority to sign the name of Philip Maysounave, then you must acquit the defendant." This instruction is complained of as assuming that defendant did sign the name of the complaining witness to the note. We see no such assumption in it, even standing alone; but it does not stand alone. The other instructions clearly imply that the jury must also be satisfied as to the false character of the signature, and that it was written by the hand of defendant. That the instructions must be read together, and so construed, has been frequently held. The prosecuting witness testified that he did not authorize anybody to sign the note for him.

6. The verdict of "guilty as charged in the information" is sufficient. By the instructions of the court, the only part of the information submitted to their consideration was the

charge as to the forgery of the note itself. All else was clearly withdrawn, and the jury instructed to disregard it. They are presumed to have obeyed the instruction, and their verdict will be applied to the information as it was finally submitted to them.

There are some other objections urged by appellant, but, on examination, we think they are not of a character to require special discussion.

We find no prejudicial error in the record, and advise that the judgment and order appealed from be affirmed.

We concur: Haynes, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.