[Crim. No. 450. First Appellate District.—October 15, 1913.]

## THE PEOPLE, Respondent, v. WILLIAM STIRGIOS, Appellant.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF EVIDENCE.—The evidence in this prosecution for burglary not only warrants but compels the conviction of the defendant.

ID.—ADMISSIONS OF DEFENDANT—DURESS OR PROMISE OF REWARD.—Certain incriminatory statements and admissions of the defendant are not shown to have been induced by duress and promise of reward, but the most that can be said is that the record shows a decided conflict in the evidence.

ID.—SPECIFIC INSTRUCTION TO JURY — NECESSITY FOR REQUEST. — A charge to the jury is not open to attack on the ground that it fails specifically to cover a particular point in the case which the defendant deems pertinent and material, if no request for such instruction has been made.

ID.—WITNESS — CROSS-EXAMINATION — ADMISSION OF CONVICTION OF FELONY.—When a witness for the defendant in a criminal prosecu-

tion admits on cross-examination that he has been convicted of
a felony by pleading guilty thereto, an objection to a question by
the defendant calling for the reasons which induced the witness to
plead guilty, is properly sustained.

APPEAL from a judgment of the Superior Court of Ala-
meda County and from an order refusing a new trial.   Wil-
liam H. Donohue, Judge.

The facts are stated in the opinion of the court.

T. L. Christianson, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

LENNON, P. J.—This is an appeal from a judgment of
final conviction and from an order denying a new trial in a
case wherein the defendant was convicted of the crime of
burglary in the first degree.

The evidence upon the whole case not only warranted but
compelled the conviction of the defendant.

The record does not support counsel for the defendant in
the claim that certain incriminatory statements and admis-
sions of the defendant were shown to be induced by duress
and promise of reward.   Upon this phase of the case the most
that can be said for the defendant is that the record shows
a decided conflict in the evidence.

The law of the case generally was fully, fairly, and cor-
rectly covered by the trial court in its charge to the jury.   If
counsel for the defendant deemed it essential that the jury
should be specifically instructed upon any particular phase of
the case it was his privilege and duty to request such an in-
struction.   In the absence of such a request the charge to the
jury is not open to attack on the ground that it failed to
specifically cover a particular point in the case which counsel
for the defendant deemed pertinent and material to the ques-
tion of defendant's guilt or innocence.

A witness for the defendant admitted on cross-examination
that he had been convicted of a felony by pleading guilty
thereto.   Neither the merits nor demerits of the confessed
conviction, nor the reasons which induced the plea of guilty
upon which such conviction was founded, were relevant to the

issues upon which the defendant in the present case was being tried, and therefore the lower court ruled correctly when it sustained an objection to a question by counsel for the defendant which called for the reasons which induced the witness to plead guilty.

The remaining points made in support of the appeal have been considered by us. They are absolutely without merit, and wholly undeserving even of mention.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.