[Crim. No. 507.  Second Appellate District.—November 3, 1916.]

THE PEOPLE, Respondent, v. BRUCE WING, Appellant.

CRIMINAL LAW—BURGLARY—EVIDENCE—CONFESSION.—In a prosecution for the crime of burglary, it is not error to admit in evidence the alleged confession of the defendant, where the *corpus delicti* is established and the confession shown to have been free and voluntary.

ID.—DEFENSE OF ALIBI—TEMPTATION TO RESORT TO—INSTRUCTION.—In such prosecution, it is not an invasion of the province of the jury to give an instruction which contained a statement which suggested to them that the defense of an alibi was occasionally fabricated and that temptation to resort to it might be great in cases of importance.

31 Cal. App.—50

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

C. B. Conlin, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime of burglary of the first degree, and appeals from a judgment of imprisonment and an order denying his motion for a new trial.

The evidence showed that during the month of October, 1915, the appellant visited the salesroom of an automobile dealer in the city of Los Angeles and remained about the place for an hour or so. He made inquiries regarding the purchase of a machine, stating that a physician named McLaughlin desired to buy a car and that if it was purchased that he (appellant) would be employed to drive it. He particularly looked over an "Enger" automobile which was standing on the floor, that machine being painted a cream color; he inquired as to whether it was in running order and ready to be used, and something about the method of operating it. He left the place late in the afternoon and the salesroom was closed up that evening as usual; it being Saturday of the week. On the following day one of the salesmen returned to the place and found that the cream-colored machine at which appellant had been looking was gone. A tire had also been taken from another machine standing in the place. About six months later officers who had been working on the case found an automobile in a closed garage in the lower part of the city which answered the description on the "Enger" automobile. The machine, however, had been painted black, and even the hub caps, which had borne the name "Enger" cut in the metal, had been covered with some substance so as to obliterate the lettering, and the caps, which had been nickel, were also painted black like the rest of the machine. The number had been removed from the automobile and generally it had been

disguised as much as could be. The under part of the hood, however, which was not exposed to view, still remained a cream color. The officers watched this garage for a day or so before any one came to take out the machine. Appellant then appeared and, opening the garage, busied himself about the machine. The officers appearing casually to pass by, stopped and inquired of appellant what kind of a machine it was, and he replied that it was a "Pilot." They then asked him to whom it belonged and he said that it belonged to a Dr. McLaughlin, who lived at a certain number on Ditman Street. The officers thereupon disclosed their official identity and requested appellant to take them to the doctor's residence. Appellant replied that he had an engagement with the doctor to meet him there at that time. After waiting a half hour or more, the officers got into the machine with appellant and he drove them to Ditman Street; they searched carefully on both sides of the street in the block containing the number which appellant had given them, but failed to find that any such person as McLaughlin lived in that neighborhood. Thereupon, after having the automobile identified by the owners, they conducted appellant to the jail, where he thereafter remained. Soon after his arrest the appellant was brought into the presence of the detectives and questioned regarding how he had come into possession of the machine. The officers testified that the statement was free and voluntary and not induced by any threats, intimidation, or promises of any sort. While the questions were being asked, one of the officers operating a typewriter took down the questions and answers. In this statement, which was afterward signed by the appellant, the appellant stated that on the day preceding the taking of the automobile he had visited the salesroom where the automobile was kept, and on the same night, at about 11 o'clock, he had returned there, entered through a window, and, after opening the large rear door which was barred, had taken an extra tire from another machine and had driven the "Enger" automobile away and secreted it in a garage, where it remained for some time; that during the time he first had it in the garage he repainted and disguised it; that thereafter he used it in livery service for the purpose of earning money.

It is contended on the part of appellant that the evidence was insufficient to establish the *corpus delicti*, and that therefore the admission of the confession of appellant was error. We do not agree with appellant in this contention, for it seems to us that the facts which we have first briefly stated establish fully that the automobile was unlawfully taken from the possession of the owner and from a building which had been closed and fastened on that night. Three witnesses who were employed about the automobile salesroom all testified to facts from which an irresistible inference would arise that the machine was taken without the consent of any person authorized to give it. The circumstances tended to show also that it was taken during the night-time.

There was no error in the admission of the alleged confession of appellant upon the ground that the confession was not shown to have been voluntary, for the officers testified that no inducement, threat, or other improper influence was exerted upon the appellant to induce him to make the statement. In the statement, which was reduced to writing, defendant was shown to have been asked this question: "All of these statements you have just made have been free and voluntary, have they?" to which the answer was given, "Yes." He was then asked as to whether any threats had been made, or any offers of reward or immunity, and he answered in the negative.

The evidence clearly supports the verdict of the jury.

It is complained that an instruction which the trial judge gave and which contained a statement which suggested to the jury that the defense of an alibi was occasionally fabricated and that temptation to resort to it might be great in cases of importance was erroneous, in that it invaded the province of the jury. The instruction as a whole, a part of which only we have referred to, was copied *verbatim* from one approved by the supreme court in the case of *People* v. *Lee Gam*, 69 Cal. 552, [11 Pac. 183]. In that case the supreme court held that such an instruction did not violate any substantial right of the defendant. No other ground for reversal is urged.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.