[Crim. No. 588.   Third Appellate District.—November 23, 1921.]

THE PEOPLE, Respondent, v. TOM BARR et al., Appellants.

[1] CRIMINAL LAW—DEFENSE OF ALIBI—TEMPTATION TO RESORT TO—
INSTRUCTION.—An instruction in a prosecution for the crime of
robbery that the defense of an alibi was occasionally fabricated
and that temptation to resort to it might be great in cases of
importance is objectionable, but does not constitute prejudicial
error.

[2] ID.—JUDGMENT—MOTION FOR NEW TRIAL—TIME FOR PRONOUNCE-
MENT.—In view of sections 1191 and 1202 of the Penal Code,
where a motion for a new trial is made in a criminal case, the
last date upon which the judgment may be pronounced is fifteen
days after the rendition of the verdict, and error in pronouncing
judgment after the expiration of the fifteen-day period is not
waived by the defendant in requesting a continuance of the
hearing of the motion, or by virtue of the application of sec-
tion 4½ of article VI of the constitution.

APPEAL from a judgment of the Superior Court of
Merced County and from an order denying a new trial.
E. N. Rector, Judge.   Reversed.

The facts are stated in the opinion of the court.

A. R. Schottky, Terry W. Ward and John A. Wall for
Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendants were convicted of the crime
of robbery and they appeal from the judgment and the

---

1.   Instructions disparaging defense of alibi, note, 14 A. L. R. 1426.

order denying their motion for a new trial. It is admitted by appellants that the evidence in the case was conflicting and it is not insisted that the verdict was entirely unsupported. Appellants, however, base their claim to a reversal upon two grounds; first, that the court misdirected the jury, and, second, that the court erred in pronouncing judgment upon defendants after the time for pronouncing judgment had expired by virtue of sections 1191 and 1202 of the Penal Code.

[1] The instruction of which appellants complain is as follows: ''You are further instructed that the fact, which experience has shown, that an alibi as a defense, is capable of being and has been occasionally successfully fabricated; that even when wholly false its detection may be matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance; these are considerations attendant upon this defense which call for some special suggestions upon the part of the court.

''These are, that while you are not to hesitate at giving this as a defense full weight, that conclusive effect to which when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendants or as creating the reasonable doubt which entitles the defendants to an acquittal, still you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you. (*People* v. *Lee Gam,* 69 Cal. 552 [11 Pac. 183]; *People* v. *Wing,* 31 Cal. App. 785 [161 Pac. 759].)'' While said instruction is objectionable as pointed out in *People* v. *Purio,* 49 Cal. App. 685 [194 Pac. 74], yet it has been held that it does not constitute prejudicial error and that it does not justify a reversal of the judgment. (*People* v. *Lee Gam,* 69 Cal. 552 [11 Pac. 183]; *People* v. *Wing,* 31 Cal. App. 785 [161 Pac. 759].)

The second point is more serious. The jury rendered its verdict on July 12, 1921. Three days thereafter defendants filed a motion for a new trial based on all the grounds prescribed in section 1181 of the Penal Code. The hearing of said motion was continued by the court to August 1, 1921. On said date the defendants filed a supplementary motion for a new trial, based upon the pro-

visions of said sections 1191 and 1202 of the Penal Code. The court, however, denied said motion for a new trial and proceeded to pass sentence upon the defendants.

[2] Said section 1191 provides that the time for pronouncing judgment must not be less than two nor more than five days after the verdict or plea of guilty, but that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial or in arrest of judgment. It is thus to be seen that where a motion for a new trial is made, the last date upon which the judgment may be pronounced is fifteen days after the verdict of guilty is rendered. Herein it was twenty days thereafter. Section 1202 provides that if the judgment is "not rendered or pronounced within the time so fixed or to which it is continued under the provisions of section 1191 of this code then the defendant shall be entitled to a new trial."

The learned district attorney of Merced County at the time this cause came on regularly for hearing contended earnestly and forcibly that the error should be disregarded, for the reason that it was waived by the defendants in requesting a continuance, and by virtue of the application of section 4½ of article VI of the constitution of the state.

Even if we were inclined to agree with this contention if the question were *res integra,* it is sufficient to say that the case is virtually controlled by the decisions cited by appellants, and it must be held, in view of the facts, that the trial court had no alternative than to grant the motion for a new trial. Said decisions are reviewed by Justice Hart in the case of *People* v. *Lamattina,* 38 Cal. App. 82 [175 Pac. 484], and it is scarcely necessary to do more than to refer to that opinion. We may add, however, that in denying the petition for hearing by that tribunal the supreme court was careful to say: "In denying the application for a hearing in this court we are not to be understood as holding that the pronouncing of judgment may be postponed beyond the lapse of the time prescribed in section 1191 of the Penal Code as amended in 1911. The opinion sufficiently shows that it was not so postponed in this case."

It is true that in the decisions to which we have referred no specific reference was made to said section 4½ of article VI of the constitution, but it must have been considered

by the courts in those cases decided since the adoption of said amendment. Indeed, if we may concede that its language ·is broad enough to apply to proceedings taken after verdict, to extend it to cover the error herein as contended for by respondent would be to nullify completely the effect of said sections 1191 and 1202. We must attribute no such purpose to the people in adopting the amendment. Said sections of the Penal Code were probably overlooked by the court and the district attorney when the time was set for·pronouncing judgment, but manifestly that furnishes no reason for us to disregard the plain provisions of the statute.

In view of said decisions and what we have stated we think no further discussion is called for.

The judgment and order are reversed.

Finch, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1922.

All the Justices concurred.