[Crim. No. 1081.   First Appellate District, Division Two.—December 5, 1923.]

## THE PEOPLE, Respondent, v. THOMAS HAINES, Appellant.

[1] CRIMINAL LAW—DELAY IN IMPOSING SENTENCE—ERROR OF PROCEDURE—NEW TRIAL.—The failure to impose sentence within the time specified by section 1191 of the Penal Code is an error of procedure within the meaning of section 4½ of article VI of the constitution, and a new trial will not be granted because of such error unless an examination of the entire record discloses that the error complained of resulted in a miscarriage of justice.

[2] ID.—RAPE—EVIDENCE—VERDICT—NEW TRIAL—APPEAL.—In this prosecution for the crime of rape, the testimony of the prosecuting witness having been sufficient to support the verdict of guilty, and the trial court having passed upon the credibility of such witness in denying defendant's motion for a new trial, that matter was not subject to review by the appellate court.

[3] ID.—EVIDENCE—FAILURE TO REQUEST INSTRUCTIONS—APPEAL.— In such prosecution, defendant not having requested instructions to the effect that the uncorroborated testimony of the prosecutrix must be viewed with caution and that her testimony of what she told her sister was not evidence of the facts themselves and other similar matters, he is in no position on appeal to complain that such instructions were not given.

[4] ID.—OTHER OFFENSE—FAILURE TO OBJECT TO EVIDENCE—APPEAL. In such a prosecution, evidence of other offenses against the prosecu-

---

1. Binding force of statutes or court rule not to reverse for errors not amounting to miscarriage of justice, note, L. R. A. 1918B, 390.

4. Admissibility in evidence of other crimes in prosecution for rape, notes, 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164; 62 L. R. A. 314, 322, 329; 48 L. R. A. (N. S.) 236.

trix by defendant having been admitted without objection, such evidence is not subject to attack on appeal.

[5] ID. — CHASTITY OF PROSECUTRIX — IMPEACHMENT — NEWLY DISCOVERED EVIDENCE—NEW TRIAL.—In a prosecution for rape, the chastity of the prosecutrix is not an issue; and newly discovered evidence as to matters affecting her chastity or which would impeach her does not form the basis for a motion for a new trial.

[6] ID.—AGE OF PROSECUTRIX—EVIDENCE.—In this prosecution for rape, the prosecutrix having testified that she was fifteen years of age on a specified date, and that the offense was committed on a given date, which was some seven weeks earlier, and such testimony as to her age having been corroborated by her father, that evidence was sufficient to prove her age.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of the crime of rape. Objection is strongly urged against the ruling of the trial court in denying defendant's motion for a new trial. Defendant urged his motion for a new trial upon the ground that judgment had not been pronounced within the time provided by section 1191 and, therefore, he was entitled to a new trial under the provisions of section 1202 of the Penal Code.

The verdict of the jury was rendered on March 24th; sentence was continued until March 28th. At that time notice of motion for new trial was given and the court continued the matter until April 6th, the period allowed by statute. Upon April 6th the matter came up for hearing and after argument by counsel was continued until April 7th. Upon this last-named date the matter was referred to the probation officer for his report and continued until April 20th. At the request of the defendant, continuances were had to May 4th, May 25th, June 8th, June 22d, July

6th, July 13th, July 20th, upon which latter date defendant's request for probation was denied and sentence was pronounced. This was 118 days after the date of the verdict, and three days later than the maximum time allowed by section 1191 within which sentence should have been pronounced. It is urged that because of this delay the defendant was entitled to a new trial and that the judgment should be reversed. [1] This contention is met by the recent case of *People* v. *Zuvela*, 191 Cal. 223 [215 Pac. 907], wherein it was held that the failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error of procedure within the meaning of section 4½ of article VI of the constitution and that a new trial would not be granted because of such error unless an examination of the entire record disclosed that the error complained of had resulted in a miscarriage of justice.

As pointed out by the respondent, the error complained of occurred after the verdict of the jury and could not have changed the verdict in any way. [2] The verdict is supported by substantial evidence in the record. If the testimony of the prosecutrix was believed, and there is nothing about it to arouse the suspicion of falsity, the defendant was guilty as charged. The trial court passed upon the credibility of the prosecuting witness in denying the motion for a new trial and that matter is not subject to our review. (*People* v. *White*, 5 Cal. App. 329 [90 Pac. 471].) Indeed, it appears that the trial court in an effort to see that no injustice was done in this case, after the verdict of the jury and before passing upon the motion for a new trial, sent for the prosecutrix and talked with her alone in his chambers, explaining to her that she would be doing a great wrong if she unjustly accused the defendant and pleaded with her to tell him the truth, assuring her that no harm would come to her and that justice would be done the defendant. The trial judge stated, at the time of pronouncing sentence upon the defendant, that he had had this conversation with the prosecuting witness and that the child had reiterated word for word her story as the absolute truth.

[3] Some complaint is made that the instructions of the court were not sufficiently full and complete in that no in-

struction was given to the jury that the uncorroborated
testimony of the prosecutrix must be viewed with caution
and that her testimony of what she told her sister was not
evidence of the facts themselves and other similar matters.
We think there is no merit in this contention. The defend-
ant did not request instructions upon any of the matters
now urged upon our attention, so far as the record dis-
closes and, consequently, is in no position to complain that
they were not given. (*People* v. *Stirgios,* 23 Cal. App. 48
[136 Pac. 957] ; *People* v. *White,* 5 Cal. App. 329, 335 [90
Pac. 471].) We have examined the instructions as a whole
and find no error therein requiring a reversal of this judg-
ment.

[4] Objection is made to the reception of evidence of
other offenses against the prosecutrix by the defendant.
All of this testimony was admitted without objection and
cannot now be made the subject of attack upon the record.
As was said in *People* v. *White, supra,* a defendant is en-
titled ''to have only competent evidence introduced upon
the trial,'' but ''failing to assert his right, he is deemed to
have waived it.''

[5] The contention is also made that a new trial should
have been granted upon the affidavits filed showing newly
discovered evidence. These affidavits disclose matters which
would impeach the prosecuting witness and also matters
which affect her chastity. The latter is not an issue in this
case and newly discovered evidence affecting the former
does not form the basis for a motion for a new trial.
(*People* v. *Loui Tung,* 90 Cal. 377, 379 [27 Pac. 295] ; *Peo-
ple* v. *Goldenson,* 76 Cal. 328, 352 [19 Pac. 161] ; *People* v.
*Anthony,* 56 Cal. 397, 399 ; *Stoakes* v. *Monroe,* 36 Cal. 383,
388.)

[6] A contention is made that the evidence is insuffi-
cient to support the verdict, the particular in which the
insufficiency is charged is that the age of the prosecutrix
was not clearly proven. She testified that she was fifteen
years of age on November 13, 1921, and that the offense
was committed on October 8, 1921, when she was fourteen
years of age. This testimony was corroboratd by her
father, who testified at the trial that the girl was fifteen
years of age on November 13, 1921, which was previous to

the time of the trial. This is certainly sufficient upon that element of the case.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1924.

All the Justices concurred.