[Crim. No. 1469.   Second Appellate District, Division Two.—May 12, 1927.]

THE PEOPLE, Respondent, v. CHARLES J. POWELL, Appellant.

[1] CRIMINAL LAW—FAILURE TO IMPOSE SENTENCE WITHIN STATUTORY TIME—ERROR OF PROCEDURE—CONSTITUTIONAL LAW.—A failure to impose sentence within the time prescribed by sections 1191 and 1202 of the Penal Code is an error of procedure fully amenable to the provisions of section 4½ of article VI of the constitution.

[2] ID.—ROBBERY—ALIBI—INSTRUCTIONS.—In this prosecution for robbery, the trial court's refusal to give defendant's requested instruction relating to evidence concerning an alibi did not constitute error, where the instructions given rendered it unnecessary to give the requested instruction.

[3] ID.—ADMISSIONS—INSTRUCTIONS—STIPULATIONS.—In such prosecution, a given instruction that "If either party has during the trial admitted any fact or facts material to the matters involved in this case, such admission is to be deemed by you as proven against the party making such admission" is not obnoxious to an objection that it was not applicable to any fact or circumstance connected with the trial of the case, it being defendant's contention that there was no agreed or stipulated facts in the record, where the record does show a stipulation as to when the defendant checked out of a certain hotel.

1.  See 8 Cal. Jur. 452, 601.
2.  See 8 Cal. Jur. 314, 336.

[4] ID.—EVIDENCE—INSTRUCTIONS.—In such prosecution, an instruction that "The court instructs the jury that neither the prosecution nor the defense is required to call as its own witnesses all persons who are shown to be present or who may appear to have some knowledge of the matters here on trial, nor is the prosecution or the defense required to produce as exhibits all objects or documents which have been referred to or the existence of which may have been suggested by the testimony in the case," when read with a preceding instruction to the effect that an admission is to be deemed as proven against the party making the same, did not have the effect of charging the jury to view with prejudice, suspicion, and disbelief the testimony of the defendant.

[5] ID. — VERDICT — EVIDENCE. — In such prosecution, the evidence was sufficient to justify the verdict of guilty.

---

(1) 17 C. J., p. 368, n. 5.    (2) 16 C. J., p. 977, n. 44, p. 1038, n. 80.
(3) 16 C. J., p. 1041, n. 14.    (4) 16 C. J., p. 1039, n. 84.    (5) 34 Cyc., p. 1808, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Victor R. McLucas, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Benjamin W. Shipman for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

MURPHEY, J., *pro tem.*—The defendant and appellant was accused by an information filed by the district attorney of the county of Los Angeles, of the crime of robbery, a felony. He was tried by a jury and found guilty as charged.   From the judgment and order denying his motion for a new trial the defendant appeals.   The jury, on November 15, 1926, found the defendant guilty of the crime as charged; sentence was not pronounced until December 6, 1926, following the hearing on the motion for a new trial, and after the time limit for the imposition of sentence prescribed by sections 1191 and 1202 of the Penal Code of the state of California.

The defendant in his opening brief stresses three points as grounds for the reversal of the judgment.   First, error

of the trial court in refusing motion for a new trial and in pronouncing sentence after the lapse of the statutory time; second, refusal of the court to give certain instructions proposed by him; and third, the giving by the court of confusing and erroneous instructions. In his final brief, and for the first time, the defendant raised the point that the verdict was not sustained by the evidence and quotes rather copiously from the testimony in support of this contention.

Taken in the order of their assignment the defendant, in support of his first contention, cites many cases decided by the supreme and appellate courts before the supreme court had finally passed upon the applicability of section 4½ of article VI of the constitution to cases of this character. [1] The law is now definitely settled that a failure to impose sentence within the time prescribed by sections 1191 and 1202 of the Penal Code is an error of procedure fully amenable to the provisions of the above quoted section of the constitution.

In the case of *People* v. *Zuvela,* 191 Cal. 223, at page 224 [215 Pac. 907], the supreme court of this state said in referring to this matter: "The failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error of procedure. . . . We see no good reason for excepting this particular error from the general provisions of section 4½ of article VI of the Constitution. After an examination of the entire cause, including the evidence, we are satisfied that the error complained of in the instant case did not result in a miscarriage of justice. It will not, therefore, suffice to warrant a reversal of the judgment for the purpose of having a new trial." Quoting the language of the district court of appeal in the case of *People* v. *Barr,* 55 Cal. App. 321 [203 Pac. 827], which is as follows: "Indeed, if we may concede that its language is broad enough to apply to proceedings taken after verdict, to extend it to cover the error herein as contended for by respondent would be to nullify completely the effect of said sections 1191 and 1202. We must attribute no such purpose to the people in adopting the amendment." Counsel for appellant calls attention to the fact that the supreme court in the Zuvela case did not take up and consider the language in the Barr case, and had it been considered counsel suggests that a different conclusion may have been reached. With this

suggestion we cannot agree. The question of the application of section 4½ of article VI of the constitution to the matter of sentences imposed after the time prescribed by these sections was the very matter before the court, and the very matter upon which they were called upon to decide, and the conclusion is inevitable that the court intended to decide exactly what it did decide. This view is confirmed in the recent case of *People* v. *Haines,* 64 Cal. App. 628, at page 630 [222 Pac. 183], where the court quotes the Zuvela case as the settled law on this subject, and with which conclusion we are in entire accord. In the case of *People* v. *Haines, supra,* at page 630, where sentence was pronounced three days later than the maximum time allowed by section 1191 of the Penal Code the court said: "It is urged that because of this delay the defendant was entitled to a new trial and that the judgment should be reversed. This contention is met by the recent case of *People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907], wherein it was held that the failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error of procedure within the meaning of section 4½ of article VI of the Constitution and that a new trial would not be granted because of such error unless an examination of the entire record disclosed that error complained of had resulted in a miscarriage of justice. As pointed out by respondent, the error complained of occurred after the verdict of the jury and could not have changed the verdict in any way." In the instant case, in view of the law as above stated, there is nothing to indicate or evidence in the slightest degree any suggestion of a miscarriage of justice.

[2] The second point raised by appellant is the refusal of the court to give the following instruction: "You are instructed that where evidence has been offered by the defendant for the proposed purpose of proving an alibi—that is to say, that the defendant was in another place at the time of the alleged crime, and was far distant from the scene of the crime at the time, and therefore, could not have participated in it—if, from the whole case and a consideration of all the testimony, the evidence in his behalf produced belief sufficient to create a reasonable doubt as to whether the defendant was present at the time and place of the alleged crime, he must be acquitted." In view of the instruc-

tions that were given by the trial court, we are of the opinion that the above instruction was entirely unnecessary. In the case of *People* v. *Perrin,* 67 Cal. App. 612, at page 617 [227 Pac. 924, 926], the court said: "The appellant requested the trial court to give certain instructions regarding the evidence which the appellant had introduced in his attempt to prove an alibi. The trial court did not give any one of these instructions and the appellant assigns its refusal as error. However, the trial court did instruct the jury as follows: 'The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that in the County of Fresno, at about the time mentioned in the information, the defendant knowingly and designedly . . . ' etc. The trial court also carefully and fully instructed the jury to the effect that the prosecution must prove the allegations of the information beyond a reasonable doubt. The nature of the defense interposed was to the effect that the defendant did not commit the alleged offense on the date charged at Fresno because on that date he was at Tia Juana, Mexico. It is patent that if the jury found that he did commit the act on the date alleged at Fresno, that he was not on that date at Tia Juana, and the converse is equally true. We find no prejudicial error in the record." In the instant case the trial court's instructions to the jury were as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved. And in case of a reasonable doubt, whether his guilt is satisfactorily shown, he is entitled to an acquittal. . . . The burden of proof is upon the prosecutor. All the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proved guilty. If, upon such proof, there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal. For it is not sufficient to establish a probability, though a strong one, arising from the doctrine of chances, that the fact charged is more likely to be true, than the contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it." "The court instructs the jury that if the evidence in this case is equally susceptible of

two interpretations, one interpretation pointing to the inno-
cence of the defendant and the other interpretation pointing
to the guilt of the defendant, then it is your sworn duty
under the law to give the defendant the benefit of the
interpretation which points to his innocence and acquit him.''
As will be observed, the instructions in this case cover the
ground more thoroughly than in the Perrin case, *supra,* and
we see no good reason why a trial court should call attention
to any particular line of testimony whether offered by the
prosecution or the defense. [3] Objection is made to the
following instruction given by the court to the jury: ''If
either party has during the trial admitted any fact or facts
material to the matters involved in this case, such admission
is to be deemed by you as proven against the party making
such admission,'' upon the ground that it was not applicable
to any fact or circumstance connected with the trial of the
case, it being the contention of the appellant that there were
no agreed or stipulated facts in the record. The objection
is without merit and is in direct conflict with the record.

The question as to the date when the defendant Powell
checked out of the La Tosca Hotel was involved and the
record was as follows:

''Mr. Hahn: If you will show me what it is I will stipu-
late with you.

''Mr. Isaac: Just to show that Powell checked out on the
25th of March.

''Mr. Hahn: That is true, we will stipulate to that, he
left on the morning of the 25th of March, checked out of
the hotel. I will stipulate with you that that is correct.''

[4] Counsel objects to the following instruction given
by the court: ''The court instructs the jury that neither
the prosecution nor the defense is required to call as its own
witnesses all persons who are shown to be present, or who
may appear to have some knowledge of the matters here
on trial, nor is the prosecution or the defense required to
produce as exhibits all objects or documents which have been
referred to or the existence of which may have been sug-
gested by the testimony in the case.'' Counsel insists that
this instruction in connection with the one set out immedi-
ately preceding this one is confusing, and that the effect of
the instruction charges the jury to view with prejudice,
suspicion, and disbelief the testimony of the defendant.

We do not believe the instructions are fairly susceptible of the criticism directed against them. They are not discriminating and the possible effect is magnified beyond any reasonable construction to be placed on the language. Such an instruction as the last quoted may well be omitted unless the circumstances of the case require its submission, but as given in this case, we do not believe it influenced the jury in the slightest degree.

[5] And finally, the appellant in his closing brief for the first time contends that the evidence is insufficient to justify the verdict. The evidence shows that on the twenty-fourth day of March, 1926, appellant Powell entered the 33rd and Main Street branch of the Pacific-Southwest Trust & Savings Bank at about 3 o'clock, just as the bank manager, H. M. Ostrom, was closing the bank for the afternoon. At the point of a revolver the appellant covered Ostrom and two other employees of the bank and required them to turn over to him money in the sum of about two thousand four hundred dollars. Two of the employees of the bank, Ostrom, the manager, and Miss Taylor, a stenographer, testified that they had ample opportunity to observe the defendant and his characteristics and that they and each of them positively identified the defendant Powell as the man who robbed the bank. In view of this positive identification there is no merit in the point that the evidence is insufficient to justify the verdict, and in fact a careful reading of the entire record would warrant us in saying that the jury would not have been justified in arriving at any other conclusion.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.