[Crim. No. 641.   Second Appellate District, Division One.—May 12, 1919.]

THE     PEOPLE,   Respondent,   v.   ANNA   MANUEL, Appellant.

[1] JURIES AND JURORS — IRREGULARITIES OF SHERIFF IN FORMING PANEL—CHALLENGE TO ENTIRE PANEL.—In the absence of a showing that difficulty was had in obtaining from the prospective jurors summoned a jury satisfactory to defendant, or that her substantial rights were prejudiced by reason of the acts of the sheriff in forming the panel, mere irregularities in the action of that officer in summoning persons to fill the venire would constitute no ground for the granting of her challenge to the entire panel.

[2] ID.—BIAS OF SHERIFF—SUMMONING OF WOMEN ONLY.—Subject to qualifications applicable alike to each, both men and women are equally competent to act as jurors. Hence it cannot be said that a sheriff, in summoning all women, confined himself to a certain class as distinguished from another class.

[3] ID.—RESIDENCE OF JURORS.—The fact that all the jurors were residents of a particular vicinity would furnish no ground upon which to base a claim that the sheriff was biased.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. S. Maloney for Appellant.

1. Bias or misconduct of officer summoning jurors as ground for challenge to panel, note, Ann. Cas. 1916A, 693.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant appeals from a judgment which followed her conviction of the crime of forgery.

The sole error urged as ground for reversal is the ruling of the court in denying defendant's challenge interposed to the panel of jurors summoned to try the case. The ground of the challenge was that "there has been a substantial departure from the form provided by law in this: That the sheriff in summoning the jury failed and intentionally omitted to draw the jury from the whole body of the county . . . but confined himself to a certain part, namely, the city of Upland, and to a certain class, namely, women; that in so doing the sheriff . . . was biased and prejudiced in summoning this jury." In support of the motion, it was made to appear that the court made an order directing the sheriff to summon twenty-five good and lawful persons from the body of the county to act as jurors in the trial of the case; that in compliance with the order the sheriff summoned twenty-five women, all of whom were residents of that part of the county known as Upland; that his reason for omitting men from the jury was that the county had no accommodations for keeping a mixed jury overnight, and, in his opinion, a mixed jury "would not be nice, provided they were held over and they had night sessions"; that he had no prejudice or feeling against the defendant and in summoning the jury did not omit men therefrom in order to secure a jury that would convict defendant.

Section 1059 of the Penal Code provides that "a challenge to the panel can be founded only on a material departure from the forms prescribed in respect to the drawing and return of the jury in civil actions, or on the intentional omission of the sheriff to summon one or more of the jurors drawn." A sufficient answer to that part of the challenge based upon the alleged departure from the forms prescribed in respect to the *drawing* and *return* of the jury is that the jury constituting the panel challenged was not a drawn jury, and hence there could be no departure from the forms prescribed in respect to the drawing and return of the jury within the meaning of the section quoted.

Since it was not a drawn jury, defendant's right to challenge the panel is measured by section 1064 of the Penal Code, which provides that "when the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror."

The claim of bias on the part of the sheriff is predicated upon the fact that in filling the special venire he summoned women only who were residents of that part of the county known as Upland. There is no merit in the contention. That the persons summoned were good and lawful persons and in every way competent to act as jurors is not questioned. No difficulty appears to have been had in obtaining from those summoned a jury satisfactory to defendant; nor is any claim made that her substantial rights were in the slightest degree prejudiced by reason of the acts of the sheriff. [1] In the absence of such showing, mere irregularities in the action of the officer in summoning persons to fill the venire would constitute no ground for the granting of a challenge to the entire panel. (*Wadsworth* v. *State,* 9 Okl. Cr. 84, [130 Pac. 808] ; *People* v. *Richards,* 1 Cal. App. 575, [82 Pac. 691].)

[2] Considered as jurors, the law makes no distinction between men and women. Subject to qualifications applicable alike to each, they are equally competent to act as jurors. (Code Civ. Proc., sec. 190.) Hence it cannot be said the sheriff, in summoning all women, confined himself to a certain class as distinguished from another class, any more than had he summoned all men, or a mixed jury composed of a greater number of either sex than the other.

[3] The fact that all the jurors were residents of the vicinity of Upland furnishes no ground upon which to base the claim that the sheriff was biased. *People* v. *Vaughn,* 14 Cal. App. 201, [111 Pac. 620], where it is said: "The offer of the defendant was to prove that the sheriff summoned the special venire entirely from the city of Marysville, where the feeling and prejudice against the defendant was strong. From this he proposed to contend that there must have been prejudice and bias on the part of the officer. The conclusion would not be warranted from the circumstance relied upon." No claim is made in the in-

stant case that any feeling of prejudice against defendant existed among the residents of Upland; on the contrary, the very purpose of the sheriff, as shown, was to obtain a jury from a section of the county other than that in which the crime was alleged to have been committed. There is nothing in the record to which our attention is directed which even tends to show the slightest bias on the part of the officer in summoning the jurors; on the contrary, it appears that he acted with entire impartiality and without prejudice to the substantial rights of defendant.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.