[Crim. No. 3026.  In Bank.—January 13, 1928.]

THE PEOPLE, etc., Respondent, v. WILLARD C. SHANNON, Appellant.

A. L. Pierovich for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The defendant was convicted of the crime of murder in the first degree and the death penalty was imposed upon him. He has appealed from the judgment and from the order denying his motion for a new trial.

The evidence amply supports the judgment of conviction. The defendant Shannon, who had already served two terms in the state prisons for forgery and for passing a fictitious check, assumed the name Walter C. Leslye and, claiming to be the manager of a mine in Alpine County, pretended to be desirous of purchasing an automobile for the purpose of carrying the mine pay-roll from the bank, and to use generally. By means of these and other false pretenses he induced Harold W. Lage, an automobile salesman connected with a Stockton house, to accompany him in a Lincoln automobile to the location of the supposed mine. On that trip, on December 31, 1926, the defendant shot and killed Lage. Assuming the name of the dead man, he registered at the hotel, used Lage's business cards and personal effects, and wrote and passed a number of checks under the name of Lage. He then traveled various roads up and down the state of California, seeking to avoid arrest, during which journey he sent telegrams, using

Lage's name, to the latter's wife and to his employer. He was finally apprehended in Salt Lake City about a month after the murder.

It is the contention of the appellant that the prosecution introduced no evidence to show that he was present at the time of the killing of Lage. He has not correctly stated the record. After the defendant's arrest and before trial, and again when on the stand as a witness in his own behalf, the defendant admitted being at the place where Lage was killed. He attempted in each instance to place the actual killing of the salesman on two ''pals,'' whose names he refused to divulge, and who he claimed were planning with him to rob the Bank of Amador. In another statement, made to the sheriff and district attorney of the county, the defendant claimed that Lage denounced him and his friends as ''a bunch of crooks,'' and, drawing a pistol, threatened them with arrest; that, in the struggle between Lage and himself for the possession of the pistol, it was discharged twice, shooting Lage through the head and through the neck, whereupon he and his ''pals'' hid the dead body. They then ''beat it.'' He repudiated this story later when on the witness-stand, with the exclamation that he lied when making the statement and did not expect anyone to believe it. The jury rejected defendant's version of the killing, and accepted the evidence supporting the prosecution's theory of the crime. Its estimate of the evidence was approved by the trial court when it denied the motion for a new trial. There being ample evidence to support it, we cannot disturb the finding of court and jury. (*People v. Erno*, 195 Cal. 272, 283 [232 Pac. 710].)

The appellant's first contention is one which we would pass without notice were it not raised in a case in which the extreme penalty has been imposed. He claims that a constitutional right to ''a trial by a jury of men and women'' was violated through the action of the board of supervisors of Amador County in failing to include the names of any women in the list of trial jurors selected for the year 1927. He filed in this court, long after his appeal was taken, an affidavit of a member of the board of supervisors of Amador County, from which it appears that, because the courthouse of that county was improperly equipped to serve the wants of jurors of both sexes, the

supervisors deemed it unwise and inexpedient at that time
to impose jury duty on women. For that reason they were
not included in the panel for 1927. For two reasons the
point is not properly before us for consideration. It ap-
pears that the defendant did not interpose any challenge
to the panel before the jury was sworn in the trial court,
and it is, therefore, too late to present the objection here.
(Pen. Code, sec. 1060; *People* v. *Oliveria*, 127 Cal. 376, 380
[59 Pac. 772].) The unauthenticated affidavit presented in
this court for the first time does not serve to properly bring
the matter to our attention. Assuming, however, that
the point is properly before us, there is nothing in the state
or federal constitutions, or in any statute, which guaran-
tees one accused of a crime a trial by a jury composed of
men and women, or of only men, or of only women, or of
any definite proportion of either sex. His right is to a
fair and impartial jury, and not to a jury composed of
any particular individuals. (*People* v. *Durant*, 116 Cal.
179, 199 [48 Pac. 75].) He cannot complain if he is tried
by an impartial jury, and can demand nothing more.
(*Brown* v. *New Jersey*, 175 U. S. 172, 175 [44 L. Ed. 119,
20 Sup. Ct. Rep. 77, see, also, Rose's U. S. Notes].)

Appellant has asserted in his brief that the people of
Amador County were "highly incensed over the tragedy"
that had taken place in their community, and that such
"adverse attitude" on the part of the public was shared
by members of the jury, and deprived the defendant of a
fair trial. No motion for a change of place of trial appears
to have been made by the defendant, and the record of the
proceedings on impanelment of the jury has not been
brought here. We find nothing in the record of the trial
of the case which in any way warrants the assertion of
the appellant that he was not given a fair and impartial
trial by the jury selected to try him.

It is next contended by the appellant that the
court committed prejudicial error during the trial of the
case by admitting certain statements and confessions pur-
ported to have been made to the sheriff and the district
attorney by the defendant, the objection being that they
were not freely and voluntarily made. The trial court
permitted a full and fair examination into the matter be-
fore admitting the evidence, from which it appears that

sufficient preliminary proof of the voluntary nature of the statements was made. However, had there been any doubt as to that matter, the conversations were properly admitted. While there was much of an incriminatory nature in the statements the defendant made to the officers, in none of the conversations, during which it is claimed the alleged confessions were made, did the defendant admit he was guilty of the murder of the deceased. A statement or an admission which amounts to less than a confession is admissible without the necessity of showing the absence of promises, inducements, or coercion. (*People* v. *Le Roy*, 65 Cal. 613 [4 Pac. 649].) The defendant, it is true, admitted facts which, while they themselves did not amount to a confession, did, when connected with other facts, tend to prove his guilt. Proof of such admissions is competent without preliminary proof. (*People* v. *Ammerman*, 118 Cal. 23, 32 [50 Pac. 15].)

It is urged that the court erred in refusing to give certain instructions requested by the defendant defining manslaughter, and in refusing to submit to the jury a form of verdict finding the defendant guilty of the crime of manslaughter. It is the contention of the appellant that the testimony of the sheriff, that in one of the conversations he had with Shannon after his arrest the defendant stated that the shooting of Lage occurred during the struggle for possession of the pistol, was sufficient, if believed, to warrant the jury in returning a verdict of manslaughter. Assuming that the jury did believe that the defendant told the truth in that conversation, he carefully avoided any statement in it from which it would appear that he had the pistol in his possession when it was discharged, or that any act of his actually caused the shooting. Furthermore, when on the stand, he repudiated the story of the alleged accidental shooting. The record discloses no possible theory upon which to rest an argument that the defendant was guilty of manslaughter. Under the evidence he was guilty of murder, or not at all. The instruction was, therefore, properly refused. (*People* v. *Lee Gam*, 69 Cal. 552 [11 Pac. 183]; *People* v. *Chaves*, 122 Cal. 134, 140 [54 Pac. 596].)

Appellant complains of the giving of an instruction in which the trial court admonished the jurors as to their

duty "in trying the issues of fact that [were] presented by the allegations of the information filed by the district attorney and the defendant's plea thereto." The giving of the identical instruction as a whole was approved in *People* v. *Wolff*, 182 Cal. 728, 739 [190 Pac. 22].

The judgment of conviction and the order denying the motion for a new trial are, and each is, affirmed.

Preston, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.

All the Justices concurred.