[Crim. No. 3388.　In Bank.—March 17, 1931.]

THE PEOPLE, Respondent, v. FRED MOTT, Appellant.

Albert J. McGuire and Leo Arthur Elkins for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorncy-General, for Respondent.

RICHARDS, J.—This appeal is from a judgment of conviction of the defendant upon a charge of murder, following a verdict of guilty by the jury without recommendation. The evidence convincingly shows the defendant to have been guilty of a deliberate, premeditated and unprovoked murder. Upon his arraignment therefor he entered a plea of ''not guilty'' and ''not guilty by reason of insanity'', and he also denied the two prior convictions of felonies charged in the information. Thereafter and before trial he withdrew his plea of ''not guilty by reason of insanity'', and

proceeded to trial upon his plea of "not guilty", and upon his denial of his previous convictions. In statements made after his arrest and before his trial he admitted the homicide, but indicated that his only defense thereto would be that of self-defense, and upon his trial he undertook to support this plea by his own testimony, in which, however, he was contradicted by every other witness to the homicide.

The appellant makes three contentions upon this appeal. The first of these is that the trial court committed prejudicial error in allowing incompetent evidence to be admitted and considered by the jury. This contention is based upon the following state of the record: A witness named Boyer was called on behalf of the prosecution and testified that he was and for several months prior thereto had been the manager of the radio shop in which the shooting had occurred and the employer there during that period of the deceased. He also testified that he was an eye-witness to the crime, to the circumstances which preceded it, and to the attempted escape of the defendant, whom he had followed from the scene of the crime to the place where he accomplished his arrest. This witness was cross-examined at considerable length by counsel for the defendant, in the course of which he endeavored to show that immediately before he was killed the deceased had reached under his desk as though, it was claimed, to draw a weapon. The purpose of this cross-examination was obviously that of seeking to support the testimony which the defendant was about to give in support of his plea that he acted in self-defense. Following this cross-examination the witness Boyer was recalled by the prosecution during the presentation of its main case, and was asked the following questions by counsel for the prosecution:

"Q. Did you ever know of a gun being kept in the premises at 1251 Market street? A. No sir.

"Mr. Elkins. We object to that on the ground that it is not proper rebuttal. This witness was on the stand before and no evidence is shown that there was a gun there.

"The Court. Objection overruled.

"Q. Have you answered the question, Mr. Witness?

"A. I said, 'No sir.'

"Q. Did you ever see Thomas [the deceased] in the possession of a gun at 1251 Market street? A. No sir.".

It is the contention of the appellant that the asking of these questions and the answers given thereto constituted prejudicial error. There are several answers to this contention, the first of which would seem to be that as to the first of these questions it constituted proper redirect examination in view of the effort of the defendant's counsel upon the cross-examination of the witness Boyer to extract from the latter an admission that the deceased had reached under or into his desk as though to draw a weapon, the effect of the redirect examination being to show that there was no weapon upon the premises which the deceased could have reached for immediately before he was slain. As to the second question, a sufficient answer to the present objection thereto consists in the fact that upon the trial the question was asked and answered without objection. The appellant relies for support to his foregoing contention upon the case of *People* v. *Hoffman*, 195 Cal. 295, 302 [232 Pac. 974], and upon the earlier case of *People* v. *Powell*, 87 Cal. 348 [11 L. R. A. 75, 25 Pac. 481], which is therein cited with approval. Neither of these cases, however, presents the situation shown to exist in the instant case. It may be further stated that the affirmative evidence in this case contained in the testimony of the officers of the law who examined the premises immediately after the homicide, given without objection, shows that no weapon of any kind was found upon or in the proximity of the deceased, and that there were no firearms found in the room where he was killed. In view of the foregoing we are constrained to hold that no prejudicial error was committed by the admission of the foregoing testimony.

 Appellant's next contention is that the court erred in its refusal to give certain instructions proposed by the defendant. These instructions were four in number, and as to the first three of them the appellant has furnished us with neither argument nor authority to show wherein the refusal to give these instructions was error. The record discloses that the matters contained therein were fully covered by instructions which the trial court had already given. With respect to the fourth of these instructions, the appellant earnestly contends that he was entitled to have it given. This instruction is to the effect that the jury upon a trial for murder was entitled to bring in a verdict of man-

slaughter, and the appellant therefore requested an instruction defining manslaughter, which the trial court refused to give. In the instant case, however, the defendant offered neither plea nor evidence as to any fact which would have justified the jury in finding the defendant guilty only of manslaughter. The only justification which the defendant offered for his otherwise deliberate and premeditated murder was the plea of self-defense. If the jury found that his testimony with regard to that plea was wholly unsupported and unbelievable it had no other alternative than that of finding him guilty of a wilful, unprovoked and cold-blooded murder. Under such circumstances the authorities fully sustain the trial court in refusing to give to the jury an instruction concerning or defining manslaughter. (*People* v. *Haun,* 44 Cal. 96, 100; *People* v. *Turley,* 50 Cal. 469; *People* v. *Lee Gam,* 69 Cal. 552 [11 Pac. 183]; *People* v. *Fellows,* 122 Cal. 233 [54 Pac. 830]; *People* v. *Chaves,* 122 Cal. 134 [54 Pac. 596]; *People* v. *William Yee,* 37 Cal. App. 579 [174 Pac. 343]; *People* v. *Dad,* 51 Cal. App. 182 [96 Pac. 506]; *People* v. *Shannon,* 203 Cal. 139, 143 [263 Pac. 522, 524].) In the case last above cited this court said: "The record discloses no possible theory upon which to arrest an argument that the defendant was guilty of manslaughter. Under the evidence he was guilty of murder or not at all. The instruction was, therefore, properly refused." (Citing cases.)

The final contention of the appellant is that the court erred in denying his motion for a new trial. In support of this contention the defendant urged the points already made, but otherwise presented nothing further in the way of argument or authority to support his said motion. It was, therefore, properly denied.

The judgment and order are affirmed.

Shenk, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.