**In re PETITION FOR SPECIAL GRAND JURY.**

District Court, M. D. Pennsylvania.

May 28, 1931.

JOHNSON and WATSON, District Judges.

We have before us the petition of a number of citizens of Luzerne county alleging violations of the prohibition and other laws of the United States of America, and requesting the impaneling of a special federal grand jury from Luzerne county, to be selected by certain persons and organizations from Luzerne county. This court is in hearty sympathy with the desire of the petitioners to secure the enforcement of the laws of the United States, and will use the proper legal methods to enforce these laws.

This petition suggests the selection of the special grand jury by certain citizens and organizations of Luzerne county. Such method of selection is not permitted by the laws of the United States. The law requires that the selection of names to go into the jury box be made by the commissioner of jurors and by the clerk of the court. Section 412, United States Code Annotated, title 28. No other person or official has the right to participate in such selection. U. S. v. Murphy (D. C.) 224 F. 554.

The petition further suggests that the special grand jury be selected from Luzerne county. While a grand jury may be selected from a particular section of the district, such method of selection should not be employed unless found necessary; such method of selection has never been used in this district, and it might result in a prejudiced grand jury, and an unfair investigation, and create an unwise precedent. Heretofore, grand juries of this district have been selected from the entire district, and they have always performed their duties in making special investigations and in acting on bills of indictment.

We are therefore of the opinion that the regular method of selection of the grand jury from the entire district is the proper method of selection.

The petition alleges general violations of the federal laws, but does not set forth facts, or the possession of facts, sufficient to authorize this court to impanel a special grand jury to make a special investigation, which is an extraordinary procedure employed only in cases of urgent necessity. Case of Lloyd & Carpenter, 3 Clark (Pa.) 188. The Prohibition Administrator of this district is making systematic and extensive investigations and arrests of violators of the national prohibition laws in Luzerne county by trained and equipped federal officers of the department of justice, and the United States attorney of this district is preparing informations and indictments of these violators, and this court is trying and sentencing them, and the premises in which violations occur are being padlocked.

If the petitioners have any facts not now in the possession of the United States attorney or the Prohibition Administrator, on which the general statements of the petition are based, and will present the same to the United States attorney of this district, and they are found sufficient on which to base an investigation by a grand jury, the United States attorney will then use his office to co-operate with the petitioners to prepare the evidence for submission to a grand jury, and this court will direct a grand jury investigation of the violations. Any other procedure at the present time may seriously interfere with or hamper the orderly and efficient investigations and prosecutions by the federal Prohibition Administrator.

The position taken by this court has been thoroughly discussed with the United States attorney, Andrew B. Dunsmore, and Prohibition Administrator John D. Pennington, who are in entire accord with it, and approve and recommend the plan and suggestions contained herein.