**UNITED STATES v. BALLARD et al.**
No. 14496–Y.

District Court, S. D. California, Central Division.

Oct. 8, 1940.

Wm. Fleet Palmer, U. S. Atty., and Ralph E. Lazarus and Norman W. Neukom, Asst. U. S. Attys., all of Los Angeles, Cal., for plaintiff.

W. I. Gilbert and Charles H. Carr, both of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

In all three divisions of the Southern District of California, women are excluded from both Grand Jury and Petit Jury service. The practice is not traceable to any lack of proper accommodations for mixed juries. It is merely that the Court has continued the practice which obtained before the adoption of the Nineteenth Amendment to the Constitution of the United States (August 26, 1920), which forbade the denial or abridgement of the right to vote, by the United States or any state "on account of sex".

Back of the policy is also the conviction of many that as the federal jury is the com-

106

mon law jury, it must, of necessity, consist of men only. See: Patton v. United States, 1930, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; but see: United States v. Wood, 1936, 299 U.S. 123, 145, 57 S.Ct. 177, 81 L.Ed. 78. The practice is now challenged in this proceeding.

Before us is an indictment in nineteen counts, the first eighteen charging violation of the Mail Fraud Statute, 18 U.S.C.A. § 338, and the last charging violation of the Conspiracy Statute, 18 U.S.C.A. § 88.

Fourteen men and ten women are named as defendants. The ten women defendants have moved to quash the indictment upon the ground that the Grand Jury which found it was composed of members drawn from a group of men. The exclusion of women is challenged as an arbitrary act of the Jury Commissioner and the Clerk of the Court, discriminatory, and in violation of due process and equal protection clause of the Fifth Amendment to the Constitution of the United States. U. S. Constitution, Amendment V.

The same women defendants have moved to quash the array of the panel of petit jurors, summoned for the term of court, upon the same ground—exclusion of women therefrom.

These challenges call for the determination of the legality of the practice which obtains in this court. The wisdom or the unwisdom of the practice is not involved, nor is the individual opinion of any individual member of the court. For, if the practice be legal, the polity behind it cannot be questioned by one accused of crime. If it be not legal, the polity becomes unimportant, and cannot save it from condemnation.

In the matter of the personnel of Grand Juries and Petit Juries, the Congress of the United States has seen fit to take into consideration the differences inhering in a vast, diversified continent, by accepting the qualifications prescribed by each state, for both Grand and Petit jurors, as the qualifications for like service in the courts of the United States. 28 U.S.C.A. §§ 411, 412, 419; St. Clair v. United States, 1894, 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936; Pointer v. United States, 1894, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Walker v. United States, 8 Cir., 1937, 93 F.2d 383.

■ The cardinal principle determining the legality of the selection is that, excepting illegal discriminations on racial grounds (Carter v. Texas, 1900, 177 U.S. 442, 443, 20 S.Ct. 687, 44 L.Ed. 839; Norris v. Alabama, 1935, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Hale v. Kentucky, 1938, 303 U. S. 613, 58 S.Ct. 753, 82 L.Ed. 1050; Pierre v. Louisiana, 1939, 306 U.S. 354, 355, 59 S. Ct. 536, 83 L.Ed. 757) the guarantee of due process does not prohibit the choice of jurors from members of one sex. Strauder v. West Virginia, 1879, 100 U.S. 303, 25 L. Ed. 664.

The question, then, is:

■ Do the laws of the State of California, which govern the qualifications of jurors in this court, make the inclusion of women mandatory?

The statutory provisions material to the discussion are found in Sections 190, 191, 192, 193 and 198 of the California Code of Civil Procedure. They read:

"§ 190. Jury defined. A jury is a body of persons temporarily selected from the citizens of a particular district and invested with power to present or indict a person for a public offense, or to try a question of fact."

"§ 191. Different kinds of juries. Juries are of three kinds:

"1. Grand juries;

"2. Trial juries;

"3. Juries of inquest."

"§ 192. Grand jury defined. A grand jury is a body of persons, nineteen in number, returned in pursuance of law, from the citizens of a county, or a city and county, before a court of competent jurisdiction, and sworn to inquire of public offense committed or triable within the county or city and county."

"§ 193. Trial jury defined. A trial jury is a body of persons returned from the citizens of a particular district before a court or officer of competent jurisdiction, and sworn to try and determine by verdict, a question of fact."

"§ 198. Persons competent to act as jurors. A person is competent to act as juror if he be:

"1. A citizen of the United States of the age of twenty-one years who shall have been a resident of the state and of the county or city and county for one year immediately before being selected and returned;

"2. In possession of his natural faculties and of ordinary intelligence and not decrepit;

"3. Possession of sufficient knowledge of the English language."

These sections are part of the original Code of Civil Procedure adopted on March 11, 1872.

They have undergone slight changes which do not concern us here. By an amendment to the Constitution of California, effective October 10, 1911, Constitution of California, Article 2, Section 1, women were given the right to vote and hold office.

Following the adoption of this amendment, and before the ratification of the Nineteenth Amendment to the Constitution of the United States, the Legislature of California made the most fundamental change in these sections. This was done in 1917, California Statutes, 1917, page 1282 et seq., by substituting the word "persons" now in these sections for the word "men".

■ Legislation of this character was needed in order to bestow upon women the right to serve on juries. Neither the Woman Suffrage Amendment of California nor the Nineteenth Amendment to the Constitution of the United States automatically conferred it. United States v. Wood, 1936, 299 U.S. 123, 145, 57 S.Ct. 177, 81 L. Ed. 78; People v. Lensen, 1917, 34 Cal. App. 336, 167 P. 406; In re Mana, 1918, 178 Cal. 213, 172 P. 986, L.R.A.1918E, 771. These rulings accord with rulings elsewhere. See: State v. Kelley, 1924, 39 Idaho 668, 229 P. 659; Commonwealth of Massachusetts v. Welosky, 1931, 276 Mass. 398, 177 N.E. 656; State v. Mittle, 1922, 120 S.C. 526, 113 S.E. 335; People ex rel. Fyfe v. Barnett, 1925, 319 Ill. 403, 150 N.E. 290.

■ Did this substitution of words make the use of women on juries in California, and, consequently, in the federal district courts of California, obligatory?

The Supreme Court of California, in a single sentence in the latest case on the subject (People v. Parman, 1939, 14 Cal.2d 17, 92 P.2d 387, 388), has given a negative answer to this question: "The provisions of the code sections relied upon *are directory and not mandatory*". (Italics added) This decision follows in the wake of others on the subject, decided by the California Appellate Courts ever since woman suffrage became the law of California.

Thus, in People v. Manuel, 1919, 41 Cal. App. 153, 182 P. 306, where, on the trial of a woman for forgery, the sheriff, because of lack of accommodations, summoned twenty-five women from which group the jury which tried the defendant was chosen, the conviction was upheld.

In Re Mana, 1918, 178 Cal. 213, 172 P. 986, L.R.A.1918E, 771, the Court in an opinion written by the present Senior Judge of the Ninth Circuit Court of Appeals, the Honorable Curtis D. Wilbur, rejected the contention that a man's rights in a criminal case were jeoparded by the departure from the common law jury of men and the inclusion of women in the panel.

In People v. Shannon, 1928, 203 Cal. 139, 263 P. 522, the exclusion of women because of lack of accommodations was also sustained.

The rulings in these cases are in accord with the views expressed by our Ninth Circuit Court of Appeals in Tynan v. United States, 1924, 297 F. 177, and Hoxie v. United States, 1926, 15 F.2d 762, holding that the inclusion of women in juries in the Territory of Alaska is valid under the laws of Alaska and not in violation of the provisions of the Sixth Amendment to the Constitution of the United States.

These two decisions were approved expressly by the Supreme Court in United States v. Wood, 1926, 299 U.S. 123, 145, 57 S.Ct. 177, 185, 81 L.Ed. 78, where the Court said: "The Sixth Amendment *does not* preclude legislation making women qualified to serve as jurors in criminal prosecutions although that was not permitted at common law." (Italics added)

■ There is nothing in the provisions of federal statutes relating to the duties of the Commissioner and the Clerk in making up the list of names, 28 U.S.C.A. § 412, which calls for a different interpretation. On the contrary, they strengthen the conclusion that the selection of members of one sex is a part of that discretionary power which is vested in them. The only test to which they are held in strict accountability is that of impartiality. Brown v. New Jersey, 1899, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119.

■ As tersely put by the Supreme Court of California, in People v. Shannon, 1928, 203 Cal. 139, 263 P. 522, 523: "There is nothing in the state or Federal Constitutions, or in any statute, which guarantees one accused of a crime a trial by a jury *composed of men and women, or of only men, or of only women, or of any definite proportion of either sex.* His right is to a fair and impartial jury, and not to a jury composed of any particular individuals. People v. Durrant, 116 Cal. 179, 199, 48 P. 75. He cannot complain if he is tried by

an impartial jury, and can demand nothing more." (Italics added)

■ The practice of exclusion being thus warranted by law, the moving defendants cannot complain.

The motion to quash the indictment and the motion to quash the array are therefore denied.