## UNITED STATES v. CHAPLIN.

### Cr. No. 16617.

District Court, S. D. California, Central Division.

Feb. 26, 1944.

Charles H. Carr, U. S. Atty., of Los Angeles, Cal., for plaintiff.

Jerry Giesler, of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

The defendant, Charles Spencer Chaplin, as his initial action and before plea in this case, has filed a motion to quash the indictment found and returned against him for the alleged violation of Title 18 U.S. C.A. § 398, known as the Mann Act, on the grounds and for the reason that the grand jury which found and presented the indictment in the above entitled case was composed of grand jurors drawn from a jury box which did not contain the names of any persons of the female sex; that the Jury Commissioner in and for the Southern District of California, Central Division, and the Clerk of the United States District Court in and for said district, intentionally, systematically and entirely excluded all persons of the female sex in their selection of names available to be placed in said jury box; and that the exclusion of such persons to serve was made on account of their sex, and that only the names of the male sex were placed in the jury box, and from these names the grand jury was drawn; also that the grand jury was composed exclusively of persons of the male sex; that the exclusion of women was not by reason of any lack of accommodation for mixed juries, but on account of their sex. Defendant contends that this is a violation of Articles V and VI of the Amendments to the Constitution of the United States and that the grand jury was illegally constituted because women were excluded therefrom.

Since the beginning of the February Term, 1944, women have been members of both grand and petit juries of this

court. Defendant requests that, should the motion be granted, the reconsideration of this cause could then be presented to the "legally constituted grand jury" now available.

The defendant points out that if some members of the female sex had served on the grand jury, the jury would have been in a better position to weigh the testimony and credibility of the complaining witness, and that the absence of women on the grand jury injured the defendant.

The defendant also interposed a demurrer to the charge above mentioned, and contends that the facts alleged do not constitute a public offense and do not violate section 398 of the U.S.C.A., Title 18, or any statute of the United States, for the reason that the statute was intended to reach only commercial vice or traffic in women for gain, and that the language of the statute does not bring the alleged charge attempted to be set forth in the indictment in this case within the purpose, intent and purview of the statutes.

█ The indictment filed against the defendant on February 10, 1944 is on two counts. The first count charges transportation of a certain woman from Los Angeles to New York on or about October 5, 1942 in violation of the statute and the second count charges transportation of the same woman from New York to Los Angeles on or about October 26, 1942. The indictment does not charge that the transportation was "for the purpose of prostitution or debauchery." 18 U.S.C.A. § 398. Section 411, U.S.C.A., Title 28, provides:

"Jurors to serve in the courts of the United States, in each State respectively, shall have the same qualifications, subject to the provisions hereinafter contained, and be entitled to the same exemptions, as jurors of the highest court of law in such State may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned."

This section was recently construed by the Supreme Court of the United States in Re Glasser v. United States, 315 U.S. 60, at page 64, 62 S.Ct. 457, at pages 462, 472, 86 L.Ed. 680. The court said:

"Jurors in a federal court are to have the qualifications of those in the highest court of the State, and they are to be selected by the clerk of the court and a jury commissioner. Secs. 275, 276 Jud.Code, 28 U.S.C. secs. 411, 412, 28 U.S.C.A. §§ 411, 412. This duty of selection may not be delegated. United States v. Murphy, D.C., 224 F. 554; In re Petition for Special Grand Jury, D.C., 50 F.2d 973."

An affirmative act of the State of Illinois made women eligible for jury service. In the absence of such an act it is clear that the federal courts in Illinois were not required to have women jurors. Section 411 provides that the state laws control in respect to the qualifications and exemptions of jurors in the courts of the United States. Numerous cases are cited construing this section. See 28 U.S.C.A. § 411 and Cumulative Annual Pocket Part, 1943, wherein cases are cited.

The matter was fully considered in Re United States v. Ballard, D.C., 35 F.Supp. 105, 107. The court in the opinion reviewed carefully the constitutional and statutory provisions of the State of California, and cited the leading cases, both in the Supreme Court of the United States and in the State of California. Quoting from the decision:

"As tersely put by the Supreme Court of California, in People v. Shannon, 1928, 203 Cal. 139, 263 P. 522, 523: 'There is nothing in the state or Federal Constitutions, or in any statute, which guarantees one accused of a crime a trial by a jury composed of men and women, or of only men, or of only women, or of any definite proportion of either sex. His right is to a fair and impartial jury, and not to a jury composed of any particular individuals. People v. Durrant, 116 Cal. 179, 199, 48 P. 75. He cannot complain if he is tried by an impartial jury, and can demand nothing more.'"

In the Ballard case several defendants were acquitted on the first trial and the jury disagreed as to others. A second trial was held by this court and at the opening of the trial the defendants moved to quash the indictment on the same grounds as urged in the present motion of the defendant, Chaplin. This court denied the motion. After a conviction of two of the defendants, an appeal was taken from the verdict of the jury and some fifty-two specifications of error were alleged. This objection was not considered seriously by the Circuit Court. The motion to quash, therefore, is denied.

The defendant calls the court's attention to a recent case in Re United States v. Roemig, D.C., 52 F.Supp. 857, a decision by District Judge Delehant for the Northern

District of Iowa, decided November 23, 1943. The Iowa statute is entirely different from the California statute. Section 10842, Code of Iowa for 1939, provides:

"All qualified electors of the state, of good moral character, sound judgment, and in full possession of the senses of hearing and seeing, and who can speak, write, and read the English language, are competent jurors in their respective counties."

■ The contention of the defendant is squarely met in Re People v. Manuel, 41 Cal.App. 153, 182 P. 306. The defendant was convicted of the crime of forgery. The court ordered the sheriff to summon twenty-five good and lawful persons from the county "to act as jurors in the trial of the case; that in compliance with the order, the sheriff summoned 25 women * * * that his reason for omitting men from the jury was that the county had no accommodations for keeping a mixed jury overnight, and, in his opinion, a mixed jury 'would not be nice, provided they were held over and they had night sessions.'" Judge Shaw, in his opinion, said:

"'Considered as jurors, the law makes no distinction between men and women. Subject to qualifications applicable alike to each, they are equally competent to act as jurors. Section 190, Code Civ.Proc. Hence it cannot be said the sheriff, in summoning all women, confined himself to a certain class as distinguished from another class, any more than had he summoned all men, or a mixed jury composed of a greater number of either sex than the other."

In re Mana, 178 Cal. 213, 172 P. 986, L.R.A.1918E, 771, the defendant was convicted of a felony by a jury consisting in part of women. The conviction was challenged as unconstitutional and it was contended that the proper construction of the Constitution should read in effect: "the right of trial by a jury of twelve men shall be secured to all", and that as common law juries were composed of men, such construction should be given to the constitutional provision of California. This contention was rejected by the court in an opinion written by Judge Wilbur, now Senior Circuit Judge of this Circuit. The defendant contends that the demurrer should be sustained, as the facts alleged do not constitute a public offense. The defendant discusses the leading case: Caminetti v. United States, Diggs v. United States, Hays v. United States, 242 U.S. 470, 37 S.Ct. 192, 194, 61 L.Ed. 442, L.R.A.

1917F, 502, Ann.Cas.1917B, 1168, and points out that the Mann Act was never intended to punish individual acts of sexual indiscretion, but is limited to commercialized vice and that its purpose was to prohibit white slave traffic in interstate commerce, and calls attention to the report of the committee of the House of Representatives which accompanied the introduction of the bill known as the Mann Act into the House of Representatives, as limiting prosecutions to commercialized vice. It is true, the dissenting opinion takes this view of the particular statute, and also quotes the then United States Attorney General as affirming that position. However, the majority of the court, in the opinion written by Mr. Justice Day, decline to interpret the act in this manner. Defendant's attorney also points out that the Chief Justice of the United States Supreme Court, with Mr. Justice McKenna and Mr. Justice Clarke, dissented from the majority opinion, while Mr. Justice McReynolds took no part in the consideration of the case. Associate Justice Day, speaking for the majority of the Supreme Court of the United States in the Caminetti case, said:

"It is contended that the act of Congress is intended to reach only 'commercialized vice,' or the traffic in women for gain, and that the conduct for which the several petitioners were indicted and convicted, however reprehensible in morals, is not within the purview of the statute when properly construed in the light of its history and the purposes intended to be accomplished by its enactment. In none of the cases was it charged or proved that the transportation was for gain or for the purpose of furnishing women for prostitution for hire, and it is insisted that, such being the case, the acts charged and proved, upon which conviction was had, do not come within the statute.

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms. Lake County v. Rollins, 130 U.S. 662, 670, 671, 9 S.Ct. 651, 32 L.Ed. 1060, 1063, 1064; Bate Refrigerating Co. v. Sulzberger, 157 U.S. 1, 33, 15 S.Ct. 508, 39 L.Ed. 601, 610; United States v. Lexington Mill & Elevator Co., 232 U.S. 399, 409, 34 S.Ct. 337, 58 L.Ed.

658, L.R.A.1915B, 774; United States v. Bank, 234 U.S. 245, 258, 34 S.Ct. 846, 58 L.Ed. 1298.

"Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion. Hamilton v. Rathbone, 175 U.S. 414, 421, 20 S.Ct. 155, 44 L.Ed. 219, 222. There is no ambiguity in the terms of this act. It is specifically made an offense to knowingly transport or cause to be transported, etc., in interstate commerce, any woman or girl for the purpose of prostitution or debauchery, or for 'any other immoral purpose,' or with the intent and purpose to induce any such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice."

This court is bound by the majority opinion of the Supreme Court of the United States. The fact that the decision has been the law of the land for twenty-seven years indicates the acquiescence of Congress in the decision of the Supreme Court.

The demurrer is overruled, and an exception is allowed to the defendant.

### Instructions to the Jury

Ladies and Gentlemen of the Jury:—

It becomes my duty as judge to instruct you in the law that applies to this case, and it is your duty, as jurors, to follow the law as I shall state it to you. On the other hand, it is your exclusive province to determine the facts in the case, and to consider the evidence for that purpose.

You are instructed that this case is being prosecuted by the United States Government; it is the plaintiff here. Joan Berry is not a party to this action, and has appeared in this court only as a witness.

You are instructed that the indictment in this case contains two counts and charges in substance, that the defendant, Charles Spencer Chaplin, did knowingly, wilfully, unlawfully and feloniously transport and cause to be transported, and did aid and assist in obtaining transportation in interstate commerce for, a certain woman, to-wit: one Joan Berry, from Los Angeles, California, to New York City, and return to Los Angeles, over certain railway lines, being then and there common carriers and then and there doing business in interstate commerce, with the intent and purpose on the part of the defendant of having Joan Berry engage in illicit sexual relations with the defendant, and that the defendant and Joan Berry were not then, nor at any time, married to each other. The defendant has pleaded not guilty to the indictment.

You are instructed that the statute under which the defendant was indicted reads as follows:

"Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce, or in any Territory or in the District of Columbia, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or who shall knowingly procure or obtain, or cause to be procured or obtained, or aid or assist in procuring or obtaining, any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in any Territory or the District of Columbia, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in any Territory or the District of Columbia, shall be deemed guilty * * *." 18 U.S.C.A. § 398.

If you find the evidence to show, beyond a reasonable doubt, that the defendant did knowingly, wilfully, unlawfully and feloniously transport or cause to be transported, or that he did aid and assist in obtaining transportation in interstate commerce for, Joan Berry for the immoral purposes stated in the indictment, then the government has proved its case.

The Court instructs the jury that the word "wilfully", as used in the indictment, means more than "intentionally" or "voluntarily". It means an act done with a bad purpose; without justifiable excuse; without ground for believing it lawful.

You are instructed that the offense forbidden by the statute, under which this indictment has been brought, is completed the moment the woman has been transported across a state line if one of the purposes of the defendant in so transporting her was immoral.

The purpose or intent in a charge for transporting a woman in interstate commerce for immoral purposes may be proved by circumstantial evidence. Thus in determining intent you may consider the acts and conduct of the defendant both before and after the alleged transportation, his statements made to other persons and related to you by the witnesses.

The purpose or intent necessary for proof of the offense may rest upon inference drawn from the conduct of the parties within a reasonable time before and after the alleged transportation.

If you find from the evidence beyond a reasonable doubt that the defendant knowingly caused Joan Berry to be transported, or aided and assisted in her transportation in interstate commerce for the purpose of having illicit sexual relations with him, then the government has established its case.

You are instructed that the transportation in interstate commerce of a woman or girl for an immoral purpose is condemned by the statute although no commercial or profit motive is involved, and the transportation is unaccompanied by expectation of pecuniary gain. The immorality denounced is not limited to commercialized vice but includes the transportation for the purpose of engaging in any illicit sexual relations with the person transported.

The statute uses the words "other immoral purposes," and you are instructed that these words are not limited to commercialized vice or the traffic in women for gain, but extend to any sexual immorality including fornication and adultery.

Under the charge in this case it is immaterial whether or not the girl made the alleged trips willingly. Her approval or acquiescence is not an issue in the case. The forbidden offense occurs upon the transportation in interstate commerce of the woman by the defendant for an immoral purpose and the defendant is equally culpable whether the woman made the trips willingly, or even suggested or solicited such transportation. In other words, whatever may have been the girl's purpose in making the alleged trips is immaterial.

You are instructed that it is no issue in this case whether the woman, prior to any transportation for immoral purposes by the defendant, was or was not of chaste character as the character of the woman transported is immaterial. Even if it could be proved that the woman was of unchaste character it would still be a violation of the statute if her transportation was for the purpose of sexual immorality.

The statute prohibits the transportation in interstate commerce of any woman or girl for any immoral purpose and would apply even if the woman transported were a confirmed prostitute; whether she was previously moral or immoral is outside the issues of this case.

Commerce among the states consists of intercourse and traffic, and includes transportation of persons and property. There may be, therefore, a movement of persons as well as of property and the person may be the subject of interstate commerce.

A common carrier is one which undertakes the office or business of carrying goods or persons for hire and for all persons who apply for services. Typical examples of common carriers are railroads, air lines and bus lines. These undertake to carry anyone who presents himself, requests their services, and tenders the fare charged,—in fact, they are under an obligation imposed by law to carry such a person.

You are instructed that neither side in this case is under a duty to place on the witness stand every person who may have some knowledge of the crime charged, nor is either bound to call all the persons who could testify as to this matter.

You are instructed that it is not an essential element that the woman who is transported or whose transportation is aided or assisted by a defendant be accompanied by the defendant on the train, bus or whatever means of travel is employed.

By the finding of an indictment, no presumption whatsoever arises to indicate that a defendant is guilty, or that he has had any connection with, or responsibility for, the act charged against him. A defendant is presumed to be innocent at all stages of the proceeding until the evidence introduced on behalf of the Government shows him to be guilty beyond a reasonable doubt. And this rule applies to every

material element of the offense charged. Mere suspicion or mere probability will not authorize a conviction. A reasonable doubt is such doubt as you may have in your minds when, after fairly and impartially considering all of the evidence, you do not feel satisfied to a moral certainty of the defendant's guilt. In order that the evidence submitted shall afford proof beyond a reasonable doubt, it must be such as you would be willing to act upon in the most important and vital matters relating to your own affairs. Reasonable doubt is not a mere possible or imaginary doubt, or a bare conjecture; for it is difficult to prove a thing to an absolute certainty. You are to consider the strong probabilities of the case. A conviction is justified only when such probabilities exclude all reasonable doubt as the same has been defined to you. Without it being restated or repeated, you are to understand that the requirement that a defendant's guilt be shown beyond a reasonable doubt is to be considered in connection with and as accompanying all the instructions that are given to you.

You are the sole judges of the credibility and the weight which is to be given to the different witnesses who have testified upon this trial. In judging of the credibility of witnesses, you shall have in mind the law that a witness is presumed to speak the truth. This presumption, however, may be repelled by contradictory evidence, by the manner in which the witness testifies, by the character of his testimony, or by evidence (pertaining to the character of the witness for truth, honesty, or integrity, or pertaining to his motives).

In judging the credibility of the witnesses in this case, you may believe the whole or any part of the evidence of any witness, or may disbelieve the whole or any part of it, as may be dictated by your judgment as reasonable men and women. You should carefully scrutinize the testimony given, and in so doing consider all of the circumstances under which any witness has testified, his demeanor, his manner while on the stand, his intelligence, the relation which he bears to the parties to this action, the manner in which he might be affected by the verdict and the extent to which he is contradicted or corroborated by other evidence, if at all, and every matter that tends reasonably to shed light upon his credibility.

You are not bound to decide in conformity with the testimony of a number of witnesses, which does not produce conviction in your mind, as against the declarations of a lesser number or a presumption or other evidence, which appeals to your mind with more convincing force. This rule of law does not mean that you are at liberty to disregard the testimony of the greater number of witnesses merely from caprice or prejudice, or from a desire to favor one side as against the other. It does mean that you are not to decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides. It means that the final test is not in the relative number of witnesses, but in the relative convincing force of the evidence.

The testimony of one witness, entitled to full credit, is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony even if a number of witnesses have testified to the contrary, if, from the whole case, considering the credibility of the witnesses and after weighing the various factors of evidence, the jury should believe that there is a balance of probability pointing to the accuracy and honesty of the one witness.

A witness false in one part of his testimony is to be distrusted in others; that is to say, you may reject the whole testimony of a witness who wilfully has testified falsely as to a material point, unless, from all the evidence, you shall believe that the probability of truth favors his testimony in other particulars.

You are instructed that a witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that he had made, at other times, statements inconsistent with his present testimony; and if you believe that any witness has been so successfully impeached, you are at liberty to disregard the entire testimony of the witness so impeached.

The defendant has offered himself as a witness and has testified in the case. Having done so, you are to estimate and determine his credibility in the same way as you would consider the testimony of any other witness. It is proper to consider all of the matters that have been suggested to you in that connection, including the interest that the defendant may have in the case, his hopes and his fears, and what he has to gain or lose as a result of your verdict. You are not limited in your consideration of the evidence to the bald expres-

sions of the witnesses; you are authorized to draw such inferences from the facts and circumstances which you find have been proved as seem justified in the light of your experience as reasonable men and women. Admissions of a defendant are to be received with caution.

Evidence may be either direct or indirect. Direct evidence is that which proves a fact in dispute directly, without an inference or presumption, and which in itself, if true, conclusively establishes the fact. Indirect evidence is that which tends to establish a fact in dispute by proving another fact which, though true, does not of itself conclusively establish the fact in issue, but which affords an inference or presumption of its existence. Indirect evidence is of two kinds, namely, presumptions and inferences.

A presumption is a deduction which the law expressly directs to be made from particular facts. Unless declared by law to be conclusive, it may be controverted by other evidence, direct or indirect; but unless so controverted, the jury is bound to find according to the presumption.

An inference is a deduction which the reason of the jury draws from the facts proved. It must be founded on a fact or facts proved and be such a deduction from those facts "as is warranted by a consideration of the usual propensities or passions of man, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature."

The word "propensity" as used in this instruction means any "natural or habitual inclination or tendency".

The law in regard to circumstantial· evidence is this:

In order to justify a jury in finding a verdict of guilty based entirely on circumstantial evidence, the circumstances must not only be consistent with the guilt of the defendant, but they must be inconsistent with any other reasonable hypothesis that can be predicated on the evidence; or, stated in another form, it is not sufficient that the circumstances proved coincide with, or account for, and therefore render probable, the hypothesis of guilt asserted by the prosecution, but they must exclude to a moral certainty and beyond a reasonable doubt, every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty. In order to warrant a conviction of crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt. All the facts necessary to the conclusion must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the defendant and no other person committed the offense charged; and unless the evidence does so it will be your duty to acquit the defendant. So, ladies and gentlemen, you will observe that there is nothing very peculiar or hard to understand about this doctrine of circumstantial evidence. The jury, in the first place, must determine from the testimony of the witnesses what are the facts and circumstances in the case —the facts and circumstances which you believe have been established by the testimony; and then you simply apply your common sense and judgment to a consideration of what deductions or inferences or conclusions ought to be drawn from those facts. And if, on consideration of all the facts which you may believe to have been established by the evidence, you are satisfied in your own minds, beyond all reasonable doubt, that the defendant is guilty, then it is your duty to so declare; but, if you are not so satisfied, it will be your duty to render a verdict of not guilty.

You are instructed that the action of the Court during this trial in passing upon motions or in overruling objections, or in sustaining objections made by counsel, are not to be taken by you as any indication of the guilt or innocence of the defendant. Counsel not only has the right but is charged with the positive duty of objecting to the introduction into evidence of any testimony or exhibit offered which such counsel believes, under the rules of evidence, should not be admitted. Such matters are merely matters of procedure with which you have no concern and which should not influence you in the slightest degree.

You are instructed that the fact that a journey from one state to another is followed by illicit intercourse, where the journey was not for that purpose but wholly for other reasons, cannot be regarded as a violation of the so-called Mann Act. To justify a conviction there must be convinc-

ing evidence of the intention to transport the woman named for immoral purposes and that such intention was formed before the woman reached the state to which she was being transported. If the intention referred to did not exist before the woman commenced her journey but was formed after reaching said state, and thereafter illicit relationship was had, a conviction under the Act could not be had under such circumstances.

To justify a conviction under the so-called Mann Act there must be evidence sufficient to satisfy the minds of the jury to a moral certainty and beyond a reasonable doubt of the intent of the defendant to transport the woman named for immoral purposes, and that such intent and purpose existed in the mind of the defendant before the woman began her journey to the state to which she was being transported. If the immoral intent and purpose referred to did not exist before the woman commenced her journey to the state to which she was being transported but was formed after reaching the state and illicit relationship was had there, not as a result of any such prior immoral intent and purpose but only as an incidental or casual act, then a conviction would not be proper and could not be had under the so-called Mann Act.

Defendant has presented certain evidence as to his innocence of intentional wrong in doing of certain acts which are made the basis of some parts of the indictment, and such evidence should be taken into consideration by you in determining the question of his guilt or innocence as to whether his said acts did or did not constitute a crime as charged.

You shall not consider as evidence any statement or argument of counsel made during the trial, unless such statement or argument was made as an admission or stipulation conceding the existence of a fact or facts, or you find justified by the evidence. You must not consider for any purpose any evidence offered and rejected, or which has been stricken out by the court; such evidence is to be treated as though you never had heard it. You are to decide this case solely upon the evidence that has been admitted by the court, and the inferences that you may reasonably draw therefrom, and such presumptions as the law may deduce therefrom, as directed in my instructions, and in accordance with the law as I state it to you.

At times throughout the trial the court has been called upon to pass on the question whether or not certain offered evidence might properly be admitted. With such rulings and the reasons for them you are not to be concerned. Whether offered evidence is admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference as to what weight should be given the evidence, or as to the credibility of a witness. In admitting evidence, to which an objection is made, the court does not determine what weight should be given such evidence. As to any offer of evidence that was rejected by the court, you, of course must not consider the same; as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

In judging of the evidence, you are to give it a reasonable and fair construction, and you are not authorized, because of any feeling or sympathy or other bias, to apply a strained construction, one that is unreasonable, in order to justify a certain verdict, when, were it not for such feeling or bias, you would reach a contrary conclusion. And, whenever, after a careful consideration of all of the evidence, your minds are in that state where a conclusion of innocence is indicated equally with a conclusion of guilt, or there is a reasonable doubt as to whether the evidence is so balanced, the conclusion of innocence must be adopted.

You are instructed that if you find from the evidence, or if you entertain a reasonable doubt therefrom, that the Government has failed to prove beyond a reasonable doubt that on or about October 5, 1942, the defendant transported, caused to be transported, and aided and assisted in obtaining transportation in interstate commerce for Joan Berry from the city of Los Angeles to the city of New York, over certain railway lines, with the specific intent and purpose on the part of said defendant of having said Joan Berry engage in illicit sex relations with him in the city of New York, then you shall find the Government has failed to prove its case as to Count One of the indictment.

You are instructed that if you find from the evidence, or if you entertain a reasonable doubt therefrom, that the Government has failed to prove beyond a rea-

sonable doubt that on or about October 26, 1942, the defendant transported, caused to be transported, and aided and assisted in obtaining transportation in interstate commerce for Joan Berry from the city of New York to the city of Los Angeles over certain railway lines, with the specific intent and purpose on the part of said defendant of having said Joan Berry engage in illicit sex relations with him in the city of Los Angeles, then you shall find the Government has failed to prove its case as to Count Two of the indictment.

You are instructed that the defendant is not on trial before you for any matter or thing of which you may have heard or read as relates to matters of his citizenship, the question of the paternity of any child, or as to any matters of his private or professional life, and it will be your duty to entirely put aside and disregard any such matters and to put out of your mind any question of sympathy for the woman or prejudice against the defendant, and decide the issues involved here solely and alone from the evidence as relates to the charges contained in the indictment.

If after a careful and full consideration of all the evidence in this case on both sides you should entertain a reasonable doubt as to the guilt of the defendant as to the specific charge set forth in the indictment, then it will be your duty to find the Government has failed to prove its case.

It is your duty to try this case fairly and impartially between the prosecution and the defense, upon the evidence before you and upon that alone. You must not permit any prejudices to enter into your deliberation as to the guilt or innocence of the defendant. The nature of the charge should not be permitted by you to influence your judgment one way or the other as to whether or not the defendant is guilty as charged. Our law presumes every person charged with crime innocent until proven guilty of any offense unless his guilt is first established to a moral certainty and an abiding conviction and beyond reasonable doubt.

The court instructs the jury that you should not be led to convict the defendant for the purpose of deterring others from the commission of like offenses, or for fear that a crime might go unavenged. No such reason can be sufficient to overcome that just and humane provision of our laws which says that no man shall be convicted of a criminal offense unless his guilt shall be established to a moral certainty and beyond reasonable doubt.

You are instructed that in your deliberations you are to take into consideration only the evidence introduced upon the trial, and the instructions given you by the court, and even though you are led to believe, because of your observations in the court room or from any other reason, that the trial of this cause has attracted much attention and publicity, you must not be prejudiced against either the Government or the defendant because of such a fact, nor can such state or condition of affairs in any way mitigate against either party.

While you are the sole judges of the facts and of the credibility of witnesses, still, in the consideration of such evidence, you are bound by the rules which the law provides with respect to the manner in which you should consider such evidence. It is proper, therefore, that the court should give you some of the rules of evidence applicable to cases of this kind.

There has been received in evidence testimony offered to establish—if it does so establish to your satisfaction to a moral certainty and beyond a reasonable doubt—acts of an immoral nature allegedly committed by the woman named and the defendant prior to the dates alleged in the indictment. You are to definitely understand that the defendant is not here on trial for any such alleged immorality and it is your duty not to concern yourself therewith, except that you should consider such testimony only if in your opinion, after a careful consideration of the same, it tends to prove the question of the intent of the defendant as alleged in the indictment. In cases of this kind previous relations of the parties, if any, are admitted for the limited purpose of being considered only as regards the question of the specific intent and purpose of a defendant which may be put in issue under the allegations of the indictment.

If in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you. For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you

are to consider all the instructions and as a whole, and to regard each in the light of all the others.

There is nothing peculiarly different in the way a jury is to consider the proof in a criminal case from that by which men give their attention to any question depending upon evidence presented to them. You are expected to use your good sense, consider the evidence for the purposes only for which it has been submitted, and in the light of your knowledge of the natural tendencies and propensities of human beings, resolve the facts according to deliberate and cautious judgment; and while remembering that the defendant is entitled to any reasonable doubt that may remain in your minds, remember as well that if no such doubt remains the Government is entitled to a verdict. In determining what your verdict shall be you are to consider only the evidence before you. To the jury exclusively belongs the duty of determining the facts. The law you must accept from the court as correctly declared in these instructions.

You are instructed that if the judge has said or done anything which has suggested to you that he is inclined to favor the claims or position of either party, you will not suffer yourself to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intimated nor intended to intimate, any opinion as to what witnesses are, or are not, worthy of credence; what facts are, or are not, established; or what inferences should be drawn from the evidence adduced. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

You must weigh and consider this case without regard to sympathy, prejudice, or passion for or against any party to the action. The attitude of jurors at the outset of their deliberations is a matter of considerable importance. It is rarely productive of good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, his sense of pride may be aroused, and he may hesitate to recede from an announced position if and when shown that it is fallacious. Remember that you are not partisans or advocates in this matter, but are judges. The final test of the quality of your service will lie in the verdict which you return to this courtroom, not in the opinions any of you may hold as you retire. Have in mind that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case. To that end, the court would remind you that in your deliberations in the jury room there can be no triumph excepting the ascertainment and declaration of the truth. It is your duty as jurors to consult with one another and to deliberate, with a view to reaching an agreement if you can do so without violence to your individual judgment. To each of you I would say that you must decide the case yourself but should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.

However, you should not be influenced to vote in any way on any question submitted to you by the single fact that a majority of the jurors, or any of them, favor such a decision. In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict or solely because of the opinion of the other jurors. Upon retiring to the jury room you will select one of your number to act as foreman who will preside over your deliberations and who will sign the verdict to which you agree. As soon as you shall have agreed upon a unanimous verdict, you shall have it signed and dated by your foreman and then shall return with it to this room.